Argued November 20, decided December 10, 1912.

**SILVERTON v. BROWN.**[*]

(128 Pac. 45.)

**Adverse Possession—Trial—Sufficiency of Evidence.**

1. Evidence in ejectment by a city to recover possession of a part of a dedicated street held sufficient to show that defendant's possession, under claim of right, had been adverse for more than 10 years prior to February 23, 1895, the date of the enactment of Section 6371, L. O. L., withdrawing the right to plead the statute of limitations as against a street.

**Adverse Possession—Actual Possession—Evidence.**

2. The possession of land may be shown by the evidence of different modes of possession, such as inclosure, the erection of buildings, or other improvements, or in any way that clearly indicates an exclusive appropriation and use of the land by the person claiming to hold it.

**Dedication—Acts Constituting—Designation on Maps or Plats.**

3. Where the appropriator of lands lays out a town thereon according to statute, and plats the same into blocks, lots, and streets by plat duly executed, acknowledged, and recorded, and sells lots therein with reference thereto, he thereby dedicates the streets to the public irrevocably.

[*] On the question of public user as acceptance of dedicated highway, see note in 18 L. R. A. 510.

As to effect of limited use of way by public as an acceptance of dedication, see note in 22 L. R. A. [N. S.] 1114.          REPORTER.

Dedication—Requisites—Acceptance—Duty.

4. The selling of lots in a tract of platted land by the original lot appropriator, and the corresponding purchase by members of the public at large, amount to an acceptance of the streets shown on the plat, without formal action by the public authorities.

Dedication—Effect—Nonuser.

5. A dedication of a street may be lost to the public by a continued nonuser and failure of the public authorities to accept the dedication.

Highways—Establishment—User—Width.

6. The general rule is that the width of a highway established entirely by user is limited to the ground actually used.

Highways—Establishment—Width—Question for Jury.

7. The question of the width of a highway established entirely by user, giving a proper consideration to the circumstances, is usually a question for the jury.

Witnesses—Cross-Examination—Scope.

8. In ejectment by a city for the possession of a part of a street, the width of which was in issue, the county surveyor, called as a witness for plaintiff, testified that it extended 33 feet to the middle of what was known as the "County Road," and, on cross-examination, stated that there had been a resurvey of the old road, a question as to whether the resurveyed county road occupied the land then in defendants' possession was proper cross-examination.

Municipal Corporations—Streets—Establishment and Acceptance —Statutes.

9. Under Laws 1893, p. 759, which provided that all county roads within the limits of a city, which had not been laid out or accepted as streets by the city council, should remain county roads until so laid out or accepted by ordinance or resolution, but that when any part of a county road within the city limits was laid out or accepted by ordinance or resolution it should become a street, the use of a highway adjacent to the land in controversy, and control of an improvement thereof by the city, would not, of themselves, constitute a street, so as to impress upon the land an easement sufficient to entitle the city to recover in ejectment.

Appeal and Error—Review— Conclusiveness of Evidence—Constitutional Provision.

10. In view of Article VII, Section 3 of the constitution, as amended (see Laws 1911, p. 7), providing that if the Supreme

Court should be of opinion that a right judgment was rendered it should affirm, notwithstanding errors at the trial, a verdict supported by some evidence should not be disturbed.

From Marion:   PERCY R. KELLY, Judge.

Statement by MR. JUSTICE BEAN.

This is an action of ejectment commenced by the city of Silverton against Edna J. Brown and J. M. Brown, to recover possession of half of a street between Water Street and Silver Creek, a distance of approximately 43 feet.   The cause was tried before a jury, and a verdict rendered in favor of defendants.   From a resulting judgment, plaintiff appeals.

Plaintiff claims that defendants have wrongfully taken possession of a portion of Main Street.   Defendants deny this, and allege that defendant Edna J. Brown is and has been the owner, in fee simple, of the property since December 5, 1883.   They pleaded the statute of limitations, asserting that Mrs. Brown and her grantors have been in the exclusive, adverse possession of the tract since 1867, under color of title.   Plaintiff joins issue by its reply, and avers that defendant Edna J. Brown is estopped from claiming that she is the owner in fee simple and in possession of the real property, for the reason that Polly L. Price, the person from whom she derived her title, laid out the town of Silverton (now the city of Silverton), causing the plat thereof to be recorded, and by such plat dedicated the streets shown thereon to the public, with a statement therein that Main Street was 66 feet wide, extending to Silver Creek; and that Mrs. Price sold lots and tracts to the public generally by reference to the plat.

There was evidence introduced tending to show substantially the following facts:   The original town of Silverton was laid out about the year 1854 by Mrs. Polly Price on a part of her donation land claim.   In 1865 a

survey of the town was made and a plat filed, a photographic copy of which is in the record. Water Street is the nearest street to the creek, which runs parallel therewith, or nearly so. The land between that street and Silver Creek has never been subdivided into blocks and lots, but has always been conveyed by metes and bounds. At any early day there was a road leading into the town of Silverton from the south, crossing the creek at a ford below the point where it is claimed by plaintiff that Main Street intersects the creek, and where a bridge was afterwards constructed. The bridge was rebuilt from time to time, practically in the same location, until the erection of the present structure, which is wider than the earlier ones, and a little downstream. The end of the bridge furthest from the part of the street in question is further up the stream than the other end, crossing the creek somewhat at an angle. There is no record of the county road from the south, or of its survey; but there is some evidence of a resurvey made of such road some time in the 70's. At the time Mrs. Brown purchased the property, there was a wooden building thereon. This was burned about September, 1885. Shortly after she erected a two-story frame building, which projected some 5 or 6 feet over the line claimed by the city, with an outside flight of stairs leading to the second story, 3½ or 4 feet wide, also on the disputed tract. In 1904 the wooden building was removed and a brick one constructed, extending 11 feet over the contested tract. The remainder of the area in controversy has been used for a storehouse for wood, shingles, and other things. Of late there has been a retaining wall built near the bank of the creek, and also on a line with the northerly side of the bridge, extending near the south line of the land in controversy to a point on Water Street, 13 feet and 5 inches from the corner of the brick build-

ing; thence northerly to such corner. On top of this wall there is a sidewalk leading to the approach of the bridge. For some time the sidewalk in front of the brick building on Water Street 'has extended southerly past the line of dispute. Main and Water Streets are the two principal thoroughfares in Silverton. Prior to the time of the construction of the wooden building by Mrs. Brown in 1885, there had been a butcher shop and a shoe shop on the land. The butcher shop was built near the creek in 1861 or 1862, with a sidewalk leading from it to the bridge and also to Water Street. According to some of the evidence, it remained there about four years. It appears that Main Street has never been used its full width to an extension of its northerly line across Water Street and the tract in litigation. It is conceded that the land in dispute is described in the *mesne* conveyances from Polly L. Price to defendant Edna J. Brown.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Louis J. Adams* and *Mr. George G. Bingham*, with an oral argument by *Mr. Bingham.*

For respondent there was a brief and oral arguments by *Mr. Robert H. Down* and *Mr. Richard W. Montague.*

MR. JUSTICE BEAN delivered the opinion of the court.

The principal question presented is one of fact. The testimony extends back to the fifties, and the matters in controversy, detailed by various witnesses, are peculiarly for the jury to determine.

1. The court instructed the jury to the effect that continuous adverse possession of the premises by the defendant Edna J. Brown and her grantors, under the claim of right, for a period of ten years or more immediately prior to February 23, 1895, would serve to invoke the statute of limitations to such an extent that any right which

otherwise might be vested in the city of Silverton in the disputed premises would be extinguished; and therefore, if that had been proven, they should find for the defendant. To this instruction plaintiff excepted, and contends that it is erroneous, for the reason that the evidence of defendant was to the effect that her first encroachment occurred when the wooden structures were built, after the 23rd of September, 1885, and less than ten years prior to the enactment of February 23, 1895 (Section 6371, L. O. L.), withdrawing the right to plead the statute of limitations as against a road or street. Though it may be true that the evidence in regard to the use made of the land by the defendant's predecessors prior to 1885 is not as clear as evidence relating to the use thereof since, by reason of the remoteness of that time and the less extensive utility of the lot, yet we think there was evidence tending to show that the possession of the real property prior to 1885 was adverse to the city. It appears that the use of the land increased as the city grew. Of the four buildings erected on, or partly on, this area since the early sixties, not including the woodshed, the latter ones were larger.

2. Upon this point the court instructed the jury that under the issues in the case the possession of land may be shown by the evidence of different modes of possession, such as inclosure, the erection of buildings, or other improvements, or any mode that clearly indicates an exclusive appropriation of the land or property by the person claiming to hold it. See *Lais* v. *Smith*, 63 Or. 206 (127 Pac. 26) ; *Quinn* v. *Willamette Pulp & Paper Co.*, 62 Or. 549 (126 Pac. 1). We think this question was properly submitted to the jury.

The statute, as it stood prior to February 23, 1895, was as follows:

"The limitations prescribed in this title shall apply to actions brought in the name of the state, or any county

or other public corporation therein, or for its benefit, in the same manner as to actions by private parties." Hill's Ann. Laws, § 13.

By this statute the sovereignty subjected itself to the rules applicable to individuals. Many of the authorities cited by plaintiff are in regard to questions arising subsequent to the change in the statute in 1895.

The original plat in evidence does not clearly indicate that Main Street extended 66 feet in width across Water Street to Silver Creek. It is not shown that Polly L. Price, or any of Mrs. Brown's predecessors in interest, conveyed lots opposite the part of the street in controversy in a manner to indicate that Main Street extended upon the disputed tract. In fact, the land between Water Street and the creek at this point, as shown by the plat, is of irregular shape and not platted into lots.

3. It is well settled that where the proprietor of lands lays out a town thereon in the manner provided by statute, platting the same into blocks, lots, and streets, and the plat is duly executed, acknowledged, and recorded, and he sells lots therein with reference to such plat, he dedicates the streets to the public irrevocably.

4. The selling of lots in a tract of platted land by the original lot proprietor, and the corresponding purchase by numbers of the public at large, amount to an acceptance of the streets shown on the plat, without formal action by the authorities. *Christian* v. *Eugene,* 49 Or. 170 (89 Pac. 419).

There is no question in this case but that Main Street is 66 feet wide, as shown by the plat filed in 1865. There is, however, a question as to whether or not Main Street extends its full width across Water Street to Silver Creek. It being conceded, except for the easement claimed, that Mrs. Brown is the owner in fee of the real property in question, it is not necessary to determine whether or not she could acquire title to the tract by prescription. The

jury evidently found that the premises in controversy were never dedicated as a street.

5. Even where there has been a dedication of a street or highway, the same may be lost to the public by a continued nonuser and failure of the public authorities to accept a dedication thereof. *Schooling* v. *Harrisburg*, 42 Or. 494 (71 Pac. 605).

6, 7. While it is a general rule that the width of a highway established entirely by user is limited to the ground actually used, the question is usually for the jury, giving a proper consideration to the circumstances and conditions attending the same. *Bayard* v. *Standard Oil Co.*, 38 Or. 438 (63 Pac. 614).

8. Upon the trial B. B. Herrick, county surveyor for Marion County, one of the principal witnesses for plaintiff, testified on direct examination, in regard to the land in contention, that the same extended 33 feet over to the middle of the county road—what is known as the "County Road." On cross-examination counsel for defendants asked what county road was referred to, and the surveyor stated that at one time a road was surveyed into the town from the south, clear across the creek into Main Street; that there had been a resurvey of the old road in the seventies. To the inquiry as to whether the county road occupied the ground now in Mrs. Brown's possession, counsel for plaintiff objected, for the reason that the record was the best evidence. The court overruled the objection. The witness answered that the county road was not the width of Main Street, and could not occupy all of such street. This question evidently related to the so-called county road as actually travelled, and we think it was proper cross-examination. There was no motion to strike out the answer referring to the width of the street.

9. The legislative act of February 20, 1893 (Laws 1893, p. 759), provided that all county roads lying within the

limits of the city of Silverton, which had not been laid
out or accepted as streets by the city council, should
remain and be county roads until they should be so laid ·
out or accepted by ordinance or resolution, and be under
the jurisdiction of the county court of Marion County,
of Oregon, and worked, maintained, and improved the
same as county roads outside the limits of the city. But
whenever any part of the county road within the limits
of the city should be accepted as authorized, it should
become a city street. Upon this phase of the case, the
court instructed the jury, over the objections of counsel
for plaintiff, as to the substance of this act; and also
that if the premises were a part of a county road, as
distinguished from a street, and had not been accepted
by the city council in the manner provided by this law,
plaintiff could not recover; and, further, that the use of
the highway adjacent to the land, and the repairs, im-
provement, and full control thereof by the city, would not,
of themselves, constitute such highway a street, so as to
impress upon the land in controversy an easement suffi-
cient to entitle plaintiff to recover in this action; and that
the acceptance by the city of a county road, under the act
of February 20, 1893, must be by ordinance or resolution.
This is in accordance with the import of the act referred
to, and we find no error therein.

10. The court instructed the jury that the city of Silver-
ton, provided it has established, by a preponderance of
the evidence, that it has a street upon the premises in
controversy, or some part thereof, has a right to main-
tain an action for the recovery of the street, or such part
thereof, which may be unlawfully withheld. And if the
jury find from the evidence that Polly L. Price sold and
conveyed lots with reference to the original town plat,
that, as a matter of law, such acts of Polly L. Price would
constitute a dedication to the public of the property
therein marked as streets. The court, by the instructions

taken as a whole, fairly submitted the issues to the jury. The jury found adversely to the contention of plaintiff, and we cannot say there is no evidence in the case to support the verdict. Therefore, according to Artivle VII, Section 3, of the Constitution, it should not be disturbed.

Finding no error in the record, the judgment of the lower court is affirmed.                    AFFIRMED.