Bie and wife, Respondents, v. Ingersoll and another, Appellants.

*April 26—June 1, 1965.*

For the appellants there was a brief by *Arnold, Arnold & Thorson* of Elkhorn, and oral argument by *Robert W. Arnold.*

For the respondents the cause was submitted on the brief of *Richardson & Hammett* and *R. G. Richardson, Jr.,* all of Delavan.

Heffernan, J. The only question raised on this appeal is whether the trial court's findings, that the asphalt-plant's operation and the trucking in connection with it constituted a nuisance, is contrary to the great weight and clear preponderance of the evidence. *Colson v. Salzman* (1956), 272 Wis. 397, 401, 75 N. W. (2d) 421. The activity complained of must create more than an inconvenience,[1] and must be offensive to the person of ordinary and normal sensibilities.[2] The result is not to be measured by its effect upon those of extreme sensibilities.[3]

The following finding by the trial court is in accord with the above tests for determining whether or not certain activity is a nuisance:

"That the smoke given off from the hot mix plant is a nuisance to the plaintiffs herein, in that it carries onto the property of the plaintiffs dirt, dust, and other unpleasant particles, and that it contains an odor of a noxious nature resembling that of tar and asphalt, and that the dirt and odor referred to substantially interfere with the comfort and enjoyment of the plaintiffs in the use of their property, and injures the use of their property;

"That the operation of trucks to and from the pit upon the roadway constructed therefor is a nuisance in that it creates excessive dust and dirt which is carried upon the property of the plaintiffs, and that it substantially interferes with the comfort and enjoyment of the plaintiffs in the use of their property, and injures the use of their property."

What we said in holding a tanning business a nuisance is applicable here:[4]

---

[1] *Schneider v. Fromm Laboratories, Inc.* (1952), 262 Wis. 21, 25, 53 N. W. (2d) 737. See also Prosser, Law of Torts (2d ed.) p. 395, sec. 70, which states that a private nuisance requires a substantial interference with the interest involved.

[2] *Cunningham v. Miller* (1922), 178 Wis. 22, 29, 189 N. W. 531.

[3] Ibid.

[4] *Pennoyer v. Allen* (1883), 56 Wis. 502, 512, 14 N. W. 609.

"A business necessarily contaminating the atmosphere to the extent indicated should be located where it will not necessarily deprive others of the enjoyment of their property, or lessen their comfort while occupying the same."

The appellants contend that findings are contrary to the great weight and clear preponderance of the evidence because the zoning authority has classified the property occupied by the asphalt plant as industrial. There are those cases that hold that if the local lawmakers have acted through a zoning ordinance, a court cannot [5] thereafter hold a conforming use to be a nuisance. Other jurisdictions reason that a zoning ordinance and a use permitted by it does not give the property owner immunity from the consequences of maintaining a nuisance. We conclude that though an industrial use is permitted by the ordinance, the property must be used in such way that it will not deprive others of the use and enjoyment of their property. The operation of the asphalt plant, within the purview of the zoning ordinance, is lawful, but as we said in *Pennoyer v. Allen, supra,* at page 512:

". . . such interruption [of enjoyment] and destruction [of comfort] is an invasion of private rights, and to that extent unlawful. It is not so much the manner of doing as the proximity . . . to the adjacent occupant which causes the annoyance."

In *Dolata v. Berthelet Fuel & Supply Co.* (1949), 254 Wis. 194, 36 N. W. (2d) 97, we held that a coal yard constituted a nuisance as to neighboring residential properties even though the yard itself is located on the fringe of an industrial-business district. Professor Jacob Beuscher of the Wisconsin Law School discusses that problem in an

---

[5] *Robinson Brick Co. v. Luthi* (1946), 115 Colo. 106, 111, 169 Pac. (2d) 171, 166 A. L. R. 655.

extensive law review article.[6] We agree with the cases discussed there that hold that the zoning classification is not the controlling factor, though it is, of course, entitled to some weight. It is rather "the peculiar nature and the location of the business, not the fact that it is a business, that constitutes the private nuisance and ground for equitable relief." [7]

The appellants argue that if this court agrees with the trial court in finding a nuisance, that the judgment nevertheless must be modified because it is so broad in scope that all further operation of the plant is prohibited. The appellants contend that the release of "one minute particle" of dust would be violative of the order. We do not find the terms of the judgment to be that broad. The trial court abated the plant operation only to the extent that it constituted a nuisance. If the asphalt plant can be operated in a way that odors and dust are not present to such a degree as to constitute a nuisance, then the order does not prohibit the operation of the plant.

The appellants also contend that that part of the judgment which refers to B. R. Amon & Sons as the licensee should be reversed. The record shows that the defendant, B. R. Amon & Sons, is in fact a lessee. Therefore, the judgment should be modified to state that Ingersoll should be restrained from permitting his land to be used by a licensee or lessee in such a way as to cause the nuisance restrained by the judgment.

*By the Court.*—The judgment is modified to provide that the defendant, John Ingersoll, be perpetually enjoined from permitting his land to be used by a licensee or lessee in such a way as to cause the nuisance herein restrained by the judgment and, as so modified, affirmed.

---

[6] Beuscher and Morrison, Judicial Zoning Through Recent Nuisance Cases, 1955 Wisconsin Law Review, 440.

[7] *Scallet v. Stock* (1952), 363 Mo. 721, 727, 253 S. W. (2d) 143.