479 P.2d 398 (1970)
NORTHWEST WATER CORPORATION, a Colorado corporation, Plaintiff in Error,
v.
Mary Lou PENNETTA and George Vince Pennetta, Defendants in Error.
No. 70-365 (Supreme Court No. 23468.).
Colorado Court of Appeals, Div. I.
November 4, 1970.
Rehearing Denied November 24, 1970.
Certiorari Denied January 25, 1971.
*399 Hayutin & Hayutin, Irving J. Hayutin, Denver, for plaintiff in error.
A. H. Hitchcock, Denver, Yegge, Hall & Evans, Denver, William F. Dressel, Fort Collins, for defendants in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties will be referred to as they appeared in the lower court, wherein plaintiff in error was the defendant and the defendants in error were the plaintiffs.
*400 At the close of the evidence, the trial court ruled that a water tank which was owned by the defendant constituted a nuisance as a matter of law and directed a verdict in favor of the plaintiffs. The issue of damages was submitted to the jury. Plaintiffs were awarded $2,500 for diminution in property value; $1,500 for annoyance, discomfort and inconvenience; and interest on such sums from the date the complaint was filed.
The essential question to be resolved when a private nuisance is claimed is whether the defending party has unreasonably interfered with the claimant's use and enjoyment of his property. Sans v. Ramsey Golf & Country Club, Inc., 29 N.J. 438, 149 A.2d 599. The interference which occurs must also be substantial in its nature as measured by a standard that it would be of definite offensiveness, inconvenience, or annoyance to a normal person in the community. Restatement of Torts, Explanatory Notes § 822, comment g. The record in this case reveals that at the conclusion of evidence presentation by both parties there had been laid before the trial court several considerations bearing upon the nuisance nature of the defendant's water tank. We shall comment upon these and their legal impact under the topical classifications which follow.
Legality: Without contradiction, the plaintiffs established that the defendant had constructed its water tank upon a tract which had been zoned by the governing zoning authority for only residential purposes. It was also uncontroverted that the defendant had made no attempt to seek, prior to construction of the tank, a zoning variance nor to otherwise have construction of the tank authorized by the zoning authorities following public hearings. But the fact that a zoning ordinance has been violated is not totally controlling in determining whether a private nuisance exists. Bie v. Ingersoll, 27 Wis.2d 490, 135 N.W. 2d 250. Nor is a water tank by itself an absolute nuisance. City of McAlester v. King, 317 P.2d 265 (Okl.).
Physical Appearance: The tank in question is approximately 30 feet high and 42 feet in diameter and rises as a solid mass from the ground. The tank is situated upon an unfenced lot surrounded only by weeds and dirt. The presence of the tank obliterated the view from that side of the plaintiffs' home which had previously looked out upon a filling station. It also cast shadows at certain times of day across their property. In connection with these considerations, the applicable law is that causing a loss of view does not by itself make a structure a nuisance, City of McAlester v. King, supra; nor does the blocking of the entry of light. 1 Wood, Law of Nuisances §§ 150, 155 (3d ed. 1893).
Noise: The plaintiffs and their neighbors testified, with some variance as to the degree, that the tank made noise as it filled and that rocks and bottles were continually thrown against its sides, thus creating noise. However, witnesses for the defendant testified that the the tank filled from the bottom, and that the sound of the electric pump motors and of the incoming water could only be heard at the tank itself. The plaintiff husband testified that after the tank was placed in use the water pipes within his own home made noise and shook the house. There was some evidence that this condition had ceased. In any event, as to this Court, the significant consideration on the question of noise is that the evidence on such subject varied and conflicted.
Human Comfort: Both plaintiffs testified that following construction of the tank, and because of the noises which its existence and use inflicted upon their lives, their sleep habits were disturbed and that the husband became depressed and irritable.
From these factors the trial court concluded, as a matter of law, that the defendant's water tank constituted a private nuisance as to the plaintiffs.
The trial court's ruling in the instant case was tantamount to a declaration that the defendant's water tank constituted an absolute nuisance. Under the *401 better reasoned authorities, an absolute nuisance exists in only three types of cases. The first of these consists of those situations where a governing authority, acting within valid constitutional limitations, has designated a given situation as being a public nuisance. Second are those nuisance situations which result from abnormal and unduly hazardous activities. Third, and the most difficult to define, is the situation where the defendant's pursuit of its own purposes on its own land is clearly an unreasonable act in view of surrounding circumstances. See Taylor v. City of Cincinnati, 143 Ohio St. 426, 55 N.E.2d 724. In the present case, if the defendant's water tank is to constitute an absolute nuisance, it must be deemed one on the basis that, considering the cumulative effect of all of the above factors of claimed nuisance, it was clearly an unreasonable object in relation to its surroundings, since the factors which we have listed above do not in and of themselves render it an absolute or per se nuisance. Considering that the defendant's tank was constructed to furnish water to the homes in the neighborhood, we are unable to conclude from the facts of this case that the existence and the manner of use of the defendant's water tank were such as to render it clearly unreasonable to the extent required by the test for absolute nuisance.
In the absence of the tank's being an absolute nuisance, the question of whether it constituted a nuisance in fact is one which should have been submitted to the jury. City of Denver v. Mullen, 7 Colo. 345, 3 P. 693. In order to have properly denied such determination by the jury, the evidence and all legitimate inferences therefrom would have had to be such that the minds of reasonable men could not have been in disagreement. Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964. In our opinion such was not the situation in the instant case. Viewing the evidence here in the light most favorable to the party against whom the motion for directed verdict was aimed, which is our obligation upon review, Nettrour v. J. C. Penney Co., supra, it is our opinion that reasonable minds could have differed in their conclusions. There was a pronounced conflict in the evidence as to whether the tank itself created an appreciable amount of noise when filling or emptying, and there also was a necessary factual determination to be made as to whether the various factors of interference asserted by the plaintiffs as to their use and enjoyment of their home were a substantial invasion of their interests as measured by the standard of their effect upon a normal person in the same or similar circumstances.
The damage award returned by the jury having been predicated upon a directed verdict as to the liability of the defendant, this case must be retried in all its aspects.
The judgment is reversed, and the case is remanded for a new trial.
SILVERSTEIN, C.J., concurs.
COYTE, J., dissents.
COYTE, Judge.
I dissent:
The holding that the question of what constitutes a nuisance is a jury question, overlooks the important factor that the zoning then in effect prohibited structures of this nature from being constructed at this location.
A valid zoning regulation is a legislative declaration of what constitutes a public nuisance, which is binding upon this court. Robinson Brick Co. v. Luthi, 115 Colo. 106, 169 P.2d 171. A public nuisance is distinguished from a private nuisance in the nature of the harm; the former affecting society in general, the latter causing substantial harm to the individual's use of enjoyment of his property. A nuisance, of course, may be mixed and may be both public and private depending upon the particular circumstances involved.
I believe that the erection of this structure constituted a public nuisance as a matter of law, Robinson, supra, and constituted a private nuisance where substantial *402 harm to plaintiffs' use of their property was established. The trial court determined that the overwhelming evidence clearly established that this nuisance had caused substantial harm to plaintiffs. The jury verdict verified this finding by awarding plaintiff substantial damages.
For the above reason, I believe that the trial court was correct in determining both as a matter of law and as a matter of fact that the erection of this water tower at this particular location constituted a nuisance.