757 P.2d 371

**STATE of New Mexico, ex rel. Murphy H. BAXTER and Betty Jane Baxter, Plaintiffs–Appellants,**

v.

**William EGOLF and Harrylou Egolf, Defendants–Appellees.**

No. 9225.

Court of Appeals of New Mexico.

June 2, 1988.

Victor R. Ortega, Sarah M. Singleton, Christine Gray, Montgomery & Andrews, P.A., John R. Fox, Santa Fe, for plaintiffs-appellants.

Fletcher R. Catron, Catron, Catron & Sawtell, P.A., Santa Fe, for defendants-appellees.

## OPINION

ALARID, Judge.

The motion for rehearing is denied, and the previous opinion, filed May 5, 1988, is hereby withdrawn and the following is substituted.

Appellants (Baxters) were plaintiffs in a suit for nuisance and trespass against defendants-appellees (Egolfs). The trial court found no nuisance and that, although trespass was proved, there was no proof of damages. The Baxters appeal, stating their issues as:

1. Whether the trial court erred in not finding a violation of a zoning ordinance, and

2. Whether the trial court erred in finding an easement across the Baxters' land in favor of the Egolfs.

We affirm as to issue 1 and reverse as to issue 2.

FACTS

This action was commenced on July 14, 1981, when the Baxters sought an injunction against the Egolfs for repeated trespass on their property. The Egolfs had begun the construction of a large earthen dam and, in order to reach the construction site, they used a road passing over the Baxters' property. Also, trees and bushes had been cleared from the Baxters' land and construction materials were being stored on their property. A temporary restraining order and preliminary injunction were issued prohibiting the Egolfs from storing materials and from cutting vegetation on the Baxters' property. At that time, the Egolfs were found to benefit from a 50–foot easement entitling them to cross the Baxters' land to maintain access the rear of their property where the dam was located.

In August of 1982, the Baxters filed a complaint seeking relief on five causes of action: private nuisance, public nuisance, illegal appropriation of well water, trespass and physical damage to property, and an injunction against continued trespass. Partial summary judgment was entered against the Baxters dismissing the counts in public nuisance and illegal appropriation of well water. A bench trial on the merits was held on the remaining counts in May of 1985. The court found no private nuisance and refused to enjoin the Egolfs from using the road passing over the Baxters' property.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN NOT FINDING A VIOLATION OF THE ZONING ORDINANCE.

The Baxters claim that the trial court erred in not finding that the dam was a

violation of the Santa Fe City Zoning Ordinances and in not enjoining that violation. The Baxters' complaint did not ask for an injunction to stop the violation of a zoning ordinance. Their complaint sounded in nuisance and trespass. Baxters argued at trial that a private nuisance existed in part because of an alleged violation of the zoning ordinance. The Egolfs contended that the ordinance was irrelevant to the claim of private nuisance. We take this opportunity to address the relationship between a claim for private nuisance and the presence or absence of a violation of the zoning ordinance.

■ "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Restatement (Second) of Torts* § 821D (1979); *Scott v. Jordan*, 99 N.M. 567, 570, 661 P.2d 59, 62 (Ct.App.1983). It is a civil wrong based on a disturbance of rights in land. *Jellison v. Gleason*, 77 N.M. 445, 423 P.2d 876 (1967). The elements of proof depend on whether the conduct is intentional or unintentional. Liability for intentional conduct requires that the conduct be unreasonable. *Padilla v. Lawrence*, 101 N.M. 556, 685 P.2d 964 (Ct.App.1984). The unreasonableness of intentional invasions is "a problem of relative values to be determined by the trier of fact in each case in the light of all the circumstances of that case." *Id.* at 560, 685 P.2d at 968.

In this case, it is obvious that the Egolfs were intentionally building a dam. The Baxters, thus, had a duty to show that the conduct was unreasonable and therefore a nuisance. They apparently attempted at trial to show several violations of the zoning ordinance in order to help establish that the Egolfs' conduct was unreasonable. A number of jurisdictions have considered the violation of a zoning ordinance in connection with a claim of private nuisance. *See Desruisseau v. Isley*, 27 Ariz.App. 257, 553 P.2d 1242 (1976); *Northwest Water Corp. v. Pennetta*, 29 Colo.App. 1, 479 P.2d 398 (1970); *Dawson v. Laufersweiler*, 241 Iowa 850, 43 N.W.2d 726 (1950); *Weltshe v. Graf*, 323 Mass. 498, 82 N.E.2d 795 (1948); *Rose v. Chaikin*, 187 N.J.Super. 210, 453 A.2d 1378 (1982); *Lunda v. Matthews*, 46 Or.App. 701, 613 P.2d 63 (1980); *DeNucci v. Pezza*, 114 R.I. 123, 329 A.2d 807 (1974); *Bie v. Ingersoll*, 27 Wis.2d 490, 135 N.W.2d 250 (1965). In general, whether a given use complies with controlling governmental regulations, while not dispositive on the question of private nuisance, does impact on its reasonableness. *Rose v. Chaikin.*

When the Egolfs began grading to prepare for the construction of the dam, their neighbors, including the Baxters, inquired of city officials whether a building permit had been issued. After much correspondence between the Egolfs' lawyer and the City building inspector, it was determined that a registered professional engineer would have to submit plans for this type of project. The Egolfs hired an engineer to draw up and submit plans for approval to the state. After receiving approval from the state, the plans were submitted to the City Planning and Development Department and the Egolfs received a building permit for the dam and trout pond. With that building permit, their construction proceeded.

■ The Baxters contend that the structure does not fall within accepted uses for residential areas as stated in the city zoning ordinances. This issue was decided against the Baxters by various zoning officials. We agree with the Baxters that they should not have been barred from appeal to the Board of Adjustment on grounds of untimeliness, since they had not received notice of the initial decision. *See South Hollywood Hills Citizens Ass'n for Preservation of Neighborhood Safety and Environment v. King County*, 101 Wash.2d 68, 677 P.2d 114 (1984). However, the Baxters failed to seek further administrative relief or judicial review as provided by statute. *See* NMSA 1978, §§ 3–21–8(B) through –9(A) (Repl.1985).

■ Baxters contend on appeal that they were entitled to seek injunctive relief against acts in violation of the zoning ordinances. *See Little Joseph Realty, Inc. v. Town of Bablyon*, 41 N.Y.2d 738, 395 N.Y. S.2d 428, 363 N.E.2d 1163 (1977). However, injunctive relief is not available to

appeal a zoning decision when there is an adequate remedy at law. *See Wysznyski v. City of Philadelphia,* 370 Pa. 632, 89 A.2d 355 (1952). In this case, the New Mexico legislature has provided a method for appealing a zoning decision under Sections 3–21–8(B) through –9(A), and injunctive relief to enforce the ordinance was not available. *See id.*

■ There having been no appeal from the decision of the Board of Adjustment, the decision of the Board was final. The trial court did not err in not finding a violation of the ordinance.

■ We note that if the trial court, on review of the zoning authority's decision pursuant to Section 3–21–9(A), had found a violation of the ordinance, such a finding would not control the determination of whether a private nuisance existed. While compliance with or violation of a zoning ordinance is a persuasive factor in determining the unreasonableness of the activity, it is not conclusive. *Desruisseau v. Isley; Northwest Water Corp. v. Pennetta.*

There are other factors that apply in determining whether this particular use of property is an unreasonable use. In this case, evidence was presented by both parties regarding the safety of the dam, the aesthetics of the dam and the devaluation of the Baxters' property. The trial court considered all this evidence, along with the allegations of zoning violations, and determined that there was no nuisance. We conclude that, even if there had been a violation of the zoning ordinance, there was substantial evidence for a finding of no nuisance.

## II. WHETHER THE TRIAL COURT ERRED IN FINDING AN EASEMENT ACROSS THE BAXTERS' LAND IN FAVOR OF THE EGOLFS.

The Baxters contend that there is no easement across their property in favor of the Egolfs. The trial court found that the Egolfs' property abutted the Old Bishop's Lodge Road where it is within 30 feet of the center line of the road. The court concluded that because the Egolfs were abutters, they are entitled to use the road for ingress and egress.

■ Historically, the Old Bishop's Lodge Road was used as a means of reaching Archbishop Lamy's retreat and chapel. In 1919, the road became State Road 22. The road became a public highway by means of prescription. A public highway can be established by use of the general public continued for the length of time necessary to create a right of prescription if the use had been by an individual; this use is sufficient to create a public highway by prescription, provided that the use is open, uninterrupted, peaceable, notorious, adverse, under a claim of right and continued for a period of ten years with the knowledge, or imputed knowledge of the owner. *Lovelace v. Hightower,* 50 N.M. 50, 168 P.2d 864 (1946). The problem with public highways established by prescription is that questions arise concerning the width of the highway.

■ The rule regarding the width of the highway generally follows the rule of the extent of an easement by prescription. The majority rule, as it relates to public highways acquired by prescription, is that where the public has acquired a right by use, the right is not limited to the width of the beaten path, but is the width reasonably necessary for public travel. *Robinson Water Co. v. Seay,* 545 S.W.2d 253 (Tex. Civ.App.1976); *see Meservey v. Gulliford,* 14 Idaho 133, 93 P. 780 (1908); *State ex rel. Game, Forestation & Parks Comm'n v. Hull,* 168 Neb. 805, 97 N.W.2d 535 (1959); *Keidel v. Rask,* 290 N.W.2d 255 (N.D.1980); *Whitesides v. Green,* 13 Utah 341, 44 P. 1032 (1896); *Hamp v. Pend Oreille County,* 102 Wash. 184, 172 P. 869 (1918); *contra Board of County Comm'rs of County of Delta v. Ogburn,* 38 Colo.App. 212, 554 P.2d 700 (1976); *State v. Auchard,* 22 Mont. 14, 55 P. 361 (1898); *City of Silverton v. Brown,* 63 Or. 418, 128 P. 45 (1912) (the width of the easement is limited to the extent of actual use).

When Old Bishop's Lodge Road became a state highway, no width was specifically stated. The Egolfs argued and the court found that because no width was stated,

the width was 60 feet. This argument was based on NMSA 1978, Section 67–5–2, which stated that all public highways laid out in this state shall be 60 feet in width.

 The width requirement of the statute should not be applied in this case because the highway was established by means of prescriptive use. Where a highway is established by prescription, the statutory width does not apply. *See Mulch v. Nagle*, 51 Cal.App. 559, 197 P. 421 (1921); *State v. Portmann*, 149 Mont. 91, 423 P.2d 56 (1967). The statutory width does not apply because the highway was established by use, not by statutory authority. This road was established by prescription and there was no evidence that it has ever been wider than 18 feet. Therefore, the Egolfs can only be abutters where their property is within 9 feet of the center line.

 The Egolfs also claim that they have an easement to cross the Baxters' land to reach their own. This is based on the fact that the road historically was used for ingress and egress for the property now belonging to the Egolfs. However, evidence was presented to show chain of title and replats of this area which showed that a new road had been laid out for the purpose of reaching subdivision property.

The Old Bishop's Lodge Road is used only to reach the Baxters' property and property belonging to the Bishop's Lodge Corporation. There was no evidence presented to show that the road over the Baxters' property was required to access the Egolfs' property.

## CONCLUSION

Therefore, we affirm the trial court's decision on the finding of no violation of a zoning ordinance. We reverse the trial court's finding of an easement in favor of the Egolfs across the Baxters' property. Each party shall bear its own costs on appeal, and the request for oral argument is denied. *See Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App. 1977).

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.