775 P.2d 754

**Daniel HERBERTSON, d/b/a Vista Real Mobile Home Park, Plaintiff–Appellee,**

v.

**Terry ILIFF, Defendant–Appellant.**

**No. 10078.**

Court of Appeals of New Mexico.

April 6, 1989.

Certiorari Denied June 6, 1989.

Jane Bloom Yohalem, Morton S. Simon, Law Offices of Simon & Oppenheimer, Santa Fe, for plaintiff-appellee.

Charlotte Greenfield, Las Cruces, for defendant-appellant.

Robert L. Marzulla, Acting Asst. U.S. Atty.Gen., Angus E. Crane, Robert L. Klarquist, U.S. Dept. of Justice, Washington, D.C., amicus curiae.

## OPINION

ALARID, Judge.

This appeal arises from a district court action filed by appellee (Herbertson) seeking to secure an easement and injunctive relief prohibiting interference with such easement over land owned by appellant (Iliff). A trial on the merits was originally held in 1986, with judgment entered in favor of Iliff. Subsequently, on a motion by Herbertson, the trial court vacated the 1986 judgment and granted a new trial. Following retrial in 1987, the trial court entered judgment declaring a private easement by prescription in favor of Herbertson and enjoining interference therewith.

The sole issue appellant raises is whether a private prescriptive easement can be established over land owned by the federal government during the prescriptive period. Appellee seeks review of two issues pursuant to SCRA 1986, 12–201(C): (1) Whether the trial court erred in rejecting appellee's proposed finding that Dona Ana County Road 89 is sixty feet wide and encompasses within its width the disputed parcel; and (2) Whether substantial evidence exists to·support the district court's finding that the disputed parcel has not been used in such a manner as to establish a public road by adverse user. We reverse the trial court as to the existence of a private prescriptive easement, and we find no error on the part of the trial court as to the two issues raised by appellee.

## FACTS

Right-of-way across a 1,056 square foot triangular parcel of land is the subject of this dispute. The disputed parcel is part of a larger tract of land which was owned by the United States and administered by the Bureau of Land Management until 1985, when it was conveyed to Iliff by U.S. Patent. Herbertson owns property adjoining the disputed parcel on which his predecessors-in-interest established a mobile home park between 1971 and 1972. Herbertson has partially paved the disputed parcel and uses it for access to his mobile home park.

Dona Ana County Road 89 (county road 89) parallels the northern boundary of the land conveyed to Iliff by the United States and dead-ends at the entrance to the mobile home park. The disputed triangular parcel forms the northeast corner of Iliff's land, abutting the south side of county road 89 and a small portion of the western boundary of Herbertson's mobile home park. It is uncontested that, from 1972 to 1985, the encroachment over the disputed triangular parcel provided a road for ingress and egress by Herbertson, his predecessors in interest, his mobile home tenants, and their invitees and guests. Dumpsters were also located on the parcel to provide for refuse disposal by tenants of the park.

Following the 1985 transfer of the parcel, Iliff erected a 22–foot long fence along the northeast side of the paved triangle, effectively disrupting Herbertson's use of the land. Subsequently, the fence was destroyed and then replaced by a cinder block wall. This legal action ensued, with Herbertson seeking declaration of an easement across the parcel and injunctive relief preventing Iliff from interfering with use of the easement.

## DISCUSSION

Whether a private prescriptive easement can be established over land owned by the federal government during the prescriptive period.

Herbertson argues acquisition of an easement by prescription. Easements by prescription are acquired by use which is open, uninterrupted, peaceable, notorious, adverse, continuous, and under a claim of right for a period of ten years or longer, which period is identical to the statutory period for acquiring title by adverse possession. *Archuleta v. Jacquez*, 103 N.M. 254, 704 P.2d 1130 (Ct.App.1985).

Acquisition of title by adverse possession ·and acquisition of an easement by prescription are alike in another way. It is generally held that neither is permitted against a sovereign, except where statutory authority exists. *See* R. Powell, 3 *Powell on Real Property* ¶ 413 (rev. ed. 1987); 7 *Powell on Real Property* ¶ 1015 (rev. ed. 1987). Absent specific consent, state statutes of limitations do not apply to the federal government. *Engle v. United*

*States,* 258 F.2d 50 (6th Cir.1958). The consent to be bound by a state statute of limitation must be express. Annotation, *Acquisition by Adverse Possession or Use of Public Property Held by Municipal Corporation or Other Governmental Unit Otherwise Than for Streets, Alleys, Parks or Common,* 55 A.L.R.2d 554, at 563.

In this case, Herbertson's claim is against Iliff, a private individual. Nevertheless, the disputed parcel was held by the federal government during the entire prescriptive period. Under these circumstances, the question of whether the action is permissible depends on federal law and statute. *Utah Power & Light Co. v. United States,* 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917). Our initial inquiry then is whether the federal government has specifically or expressly agreed to be bound by states' common or statutory law regarding prescriptive rights. *See Engle v. United States.*

■ Herbertson identifies no federal authority consenting to the adjudication of prescriptive claims against the United States in state courts. His reliance on *Kinscherff v. United States,* 586 F.2d 159 (10th Cir.1978) and *Burdess v. United States,* 553 F.Supp. 646 (E.D.Ark.1982) is misplaced. Both *Kinscherff* and *Burdess* were actions brought in federal courts pursuant to 28 U.S.C., Section 2409a. We first note that subsection (g) of this statute expressly excludes suits against the United States based on adverse possession. *United States v. Lemon,* 632 F.Supp. 431 (D.Colo.1986). The statute is not framed in terms recognizing prescriptive title on the basis of adverse possession. *United States v. Gammache,* 713 F.2d 588 (10th Cir.1983). Further, in quiet title actions against the United States, exclusive jurisdiction is vested in federal courts. *McClellan v. Kimball,* 623 F.2d 83 (9th Cir.1980). State courts are without jurisdiction to decide quiet title actions against the federal government. *See Id.* Consequently, even if Herbertson's claim was cognizable under Section 2409a, in this instance, the district court was without jurisdiction to decide a prescriptive claim to land owned by the federal government.

■ Further, even if Herbertson had identified federal assent to adjudication of an action of this type in state courts, we have long recognized that prescriptive rights cannot be acquired against the United States. *Burgett v. Calentine,* 56 N.M. 194, 242 P.2d 276 (1951). Herbertson's contention that *Burgett* was significantly limited in *Trigg v. Allemand,* 95 N.M. 128, 619 P.2d 573 (Ct.App.1980), is erroneous, in light of the fact that *Trigg* concerns claims against the state and not the federal government. *See Utah Power & Light Co. v. United States.* Finally, we point out it has long since been decided in New Mexico that "adverse possession of public lands cannot begin until issuance of patent therefor." *Christmas v. Cowden,* 44 N.M. 517, 533, 105 P.2d 484, 493 (1940). If Herbertson had any viable claim to prescriptive rights, it could not begin to ripen until after the 1985 transfer of the land from the United States to Iliff. *Id.* Accordingly, we reverse the district court's judgment declaring a private easement by prescription in favor of Herbertson.

Whether the trial court erred in rejecting appellee's proposed finding that Dona Ana County Road 89 is sixty feet wide and encompasses within its width the disputed parcel.

The patent issued to Iliff conveys the land, including the disputed parcel, subject to "existing access road rights-of-way" and 33–foot road and utility easements along the north and south sides of the tract. Herbertson argues that, as a matter of law, county road 89 is sixty feet wide, NMSA 1978, Section 67–5–2 (Orig.Pamp.), and that the width of a highway should be measured from the center of the existing paved surface. *See Kamerer v. Commonwealth,* 364 Pa. 120, 70 A.2d 305 (1950). He concludes that through application of these standards the disputed parcel is within the bounds of county road 89, and that such use of the land passed to Iliff under the language of the patent making the conveyance subject to "existing road rights-of-way," even though such use extends beyond the 33–foot road and utility easement expressly reserved in the patent.

On the basis of this argument, Herbertson contends the district court erred in rejecting his proposed finding that the disputed parcel is within the width of county road 89.

■ It is not error for a trial court to refuse requested findings which are contrary to findings made if the findings made are supported by substantial evidence. *Fierro v. Murphy*, 85 N.M. 179, 510 P.2d 112 (Ct.App.1973). Here, the trial court found that county road 89 "does not extend in width beyond the 33–foot easement along defendant's northern boundary." Our question then is whether the trial court's finding is supported by substantial evidence. *Id.*

Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). On appeal, we do not reweigh the evidence, and we are bound to view the evidence in a light most favorable to support the trial court's findings, disregarding all evidence unfavorable to those findings. *Id.*

■ The evidence below includes testimony from Madeline Dzielak, who was employed as a realty specialist with the Bureau of Land Management. Ms. Dzielak testified that at the time of the sale in 1985, she was unaware of any easements or rights-of-way across the lands conveyed to Iliff other than the 33–foot easements reserved in the patent. Additionally, Ms. Debbie Holguin, right-of-way coordinator for Dona Ana County, testified that the practice of the county in maintaining county road 89 would determine the county's position on the boundaries of its right-of-way, since the county could not maintain private land. The foreman of the county road department, Edward Torres, then testified that county road 89 was maintained up to the property line of the mobile home park but that his crews did not maintain the disputed parcel.

In light of this testimony, we find the record below includes sufficient evidence supporting the trial court's finding that county road 89 does not extend in width beyond the 33–foot easement along the northern boundary of the tract conveyed to Iliff. We see no error in the trial court's rejection of Herbertson's proposed findings to the contrary. *See Sanchez v. Homestake Mining Co..*

Whether substantial evidence exists to support the district court's finding that the disputed parcel has not been used in such a manner as to establish a public road by adverse user.

■ We examine this issue subject to the standard of review for substantial evidence described above. *See Sanchez v. Homestake Mining Co..* The trial court found "no history of general public use" of the disputed parcel. The evidence presented below established use of the disputed parcel by tenants of the mobile home park, their guests, their business visitors, and others providing services to the tenants. We do not view use of the disputed parcel by tenants and their guests and invitees as sufficient to establish public use of the parcel. *Cf. Doyle Milling Co. v. Georgia–Pacific Corp.*, 256 Or. 271, 473 P.2d 135 (1970) (use of a road by plaintiff, his predecessors, tenants, and others serving the business of owners and tenants was private use only). Further, the record reflects sufficient evidence supporting the trial court's finding of "no history of general public use" of the disputed parcel. *See Sanchez.*

CONCLUSION

We reverse the trial court as to the existence of a private prescriptive easement over the disputed parcel. We see no error in the trial court's findings that county road 89 does not extend in width beyond the 33–foot easement specified in the patent and that no history of public use was shown, as both are supported by substantial evidence.

Illif is awarded his costs on appeal.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.