851 P.2d 482

**Garrett QUINTANA, Plaintiff–Appellee,**

v.

**Kim KNOWLES, Jane Knowles, James T. Jackson and Sheila Cooper, Defendants–Appellants.**

No. 13044.

Court of Appeals of New Mexico.

Feb. 16, 1993.

Certiorari Denied March 31, 1993.

F. Joel Roth, Ronald J. VanAmberg, Roth, VanAmberg, Gross, Rogers & Ortiz, Santa Fe, for plaintiff-appellee.

John S. Catron, Fletcher R. Catron, Catron, Catron & Sawtell, P.A., Santa Fe, for defendants-appellants.

### OPINION

MINZNER, Chief Judge.

Defendants appeal from a district court judgment (1) declaring a certain road a public highway pursuant to Act of July 26, 1866, chapter 262, Section 8, 14 Stat. 251, 253 (codified at 43 U.S.C. Section 932) (repealed 1976) (hereinafter 43 U.S.C. Section 932) and (2) extending the width of the road to sixty feet pursuant to NMSA 1978, Section 67–5–2 without compensating them for the extension. We affirm in part, reverse in part, and remand for further proceedings.

The district court found that the road prior to 1931 "paralleled and meandered back and forth along the common section line between Sections 8 and 9," and that "over time, [the road has] been straightened, so that it now runs parallel to and with its west boundary being the common line between [Sections 8 and 9]". The district court also found that the road was a public road pursuant to 43 U.S.C. Section 932. 43 U.S.C. Section 932 provided that "[t]he right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." The district court construed this statute as an offer by the federal government "to dedicate unreserved federal land for use as public highways." The court explained that public use of a road is deemed acceptance of the federal offer. Having found that the road was used by the public when the land on which it ran was owned by the federal government, the court concluded that the road was a public road.

On appeal, Defendants argue (1) that the district court erred in finding that the road in question is a public highway pursuant to 43 U.S.C. Section 932 because (a) the road was not on public land as required by 43 U.S.C. Section 932; and, in any event, (b) the general public did not accept the federal offer to dedicate the road as required by 43 U.S.C. Section 932. They also claim that the district court erred when it (2) recog-

nized the legal width of the public road as sixty feet by applying Section 67–5–2, and (3) found the width of the actual usage to be twenty-five feet. We agree with the district court on the first issue, reverse on the second, and remand for further proceedings on the third.

We note initially that Plaintiff argues that Defendants fail to sufficiently challenge several of the district court's findings. We disagree. Defendants adequately challenged the material findings, and we decide this case on its merits. We first address the public road issue.

### I. WHETHER 43 U.S.C. SECTION 932 APPLIES TO THE ROAD IN QUESTION.

In order for a road to be considered a public road pursuant to 43 U.S.C. Section 932, it must have existed when the surrounding land was owned by the federal government, in this case before 1931. Defendants contend that the road did not exist before 1931, and that the road shown on Plaintiff's Exhibit 39B is a different road than the road currently in dispute. Defendants argue that the road shown on Plaintiff's Exhibit 39B did not straighten over time, but fell into disuse or was otherwise abandoned, and that a new road [hereinafter the section line road] was established running on the section line common to Sections 8 and 9. It is undisputed that the section line road runs due north and south.

The crux of the dispute, therefore, is whether the section line road is the same road as the road that existed prior to 1931. Put in terms of the district court's findings, the question before this Court is whether there was sufficient evidence to support the district court's finding that "over time, [the pre–1931 road has] been straightened, so that it now runs parallel to and with its west boundary being the common line between [Sections 8 and 9]." A review of the transcript and several of the exhibits indicates that such evidence does exist.

Plaintiff's Exhibits 39B, 40B, and Defendants' Exhibit B show the gradual straightening of the road. Plaintiff's Exhibit 39B,

a 1935 aerial photograph of the area in question, shows that the road began in the northwest quadrant of Section 16 running approximately north-by-northwest into Section 9, first contacting the common section line between Sections 8 and 9 near the railroad tracks. At this point in time, the road, as the district court found, "paralleled and meandered back and forth along the common section line between Sections 8 and 9." Plaintiff's Exhibit 40B, a 1948 aerial photograph of the area in question, shows the road first contacting the section line approximately at the point common to Sections 8, 9, 16, and 17. Although portions of the road still wind along the section line, much of the road now runs due north and south. Finally, Defendants' Exhibit B, a 1951 aerial photograph of the area, shows the road running due north and south for much of its length. We hold that these exhibits sufficiently support the district court's finding that the pre–1931 road and the section line road are identical.

Defendants next contend that the public did not accept the federal government's offer to dedicate the road as it existed in 1931. Defendants therefore directly contest the district court's finding of public use. The district court found that the road had been used by the public "through regular use by J.P. Delgado [the owner of the land just north of the parcel in question] and his family, friends and associates beginning in 1913, and by use by other landowners and members of the public well prior to 1931."

 Defendants argue that all the testimony regarding use of the road before 1931 indicates *private* rather than *public* use of the road. Although use that is "merely occasional" or otherwise insubstantial is not sufficient to accept the dedication of a road under 43 U.S.C. Section 932, "the concept of acceptance by public usage is to be applied liberally." *Luchetti v. Bandler,* 108 N.M. 682, 684, 777 P.2d 1326, 1328 (Ct.App.) (holding that substantial evidence supported district court's finding of insufficient public use of a road for purposes of 43 U.S.C. Section 932), *cert. denied,* 108 N.M. 681, 777 P.2d 1325 (1989).

Testimony describing pre–1931 traffic on the road shows that families living north of Buckman Road, their guests and relatives, as well as many hobos and occasional passersby used the road. Additionally, there was testimony regarding the length and amount of use the road had before 1935 from an expert who analyzed a 1935 aerial photograph of the road. This evidence supports the district court's finding of sufficient use of the pre–1931 road by the public to establish acceptance of the federal dedication.

Defendants rely on *Herbertson v. Iliff,* 108 N.M. 552, 775 P.2d 754 (Ct.App.), *cert. denied,* 108 N.M. 485, 775 P.2d 251 (1989), for the proposition that evidence of use by tenants, their guests, and invitees is insufficient by itself to establish public use. In *Herbertson* we affirmed the district court's finding of insufficient adverse use to establish a public road. *Id.* at 555, 775 P.2d at 757. *Herbertson,* unlike the case at bar, was concerned with prescriptive rights acquired by adverse use. 43 U.S.C. Section 932 does not require the same amount of use that is necessary to prove prescriptive rights. *Luchetti,* 108 N.M. at 683, 777 P.2d at 1327.

We conclude that substantial evidence supports the relevant findings. Therefore, we affirm the district court's determination that the road in question is a public road.

## II. WHETHER SECTION 67–5–2 APPLIES TO THE SECTION LINE ROAD.

The district court found that the section line road was a public highway and that the width of the road could be extended to sixty feet. The district court relied on Section 67–5–2, which states that "[a]ll public highways laid out in this state shall be sixty feet in width unless otherwise ordered by the board of county commissioners."

Defendants contend that the section line road was not laid out as required by Section 67–5–2. They argue that Section 67–5–2 does not apply to every public road; rather, it applies only to those roads that have been laid out by an affirmative act by

a board of county commissioners or some other governmental entity. Defendants further contend, citing *State ex rel. Baxter v. Egolf,* 107 N.M. 315, 757 P.2d 371 (Ct. App.1988), that because the section line road was established by public use and was therefore not laid out by a governmental entity, Section 67–5–2 is inapplicable to this case.

■ Plaintiff argues that, had the legislature wanted to restrict the use of Section 67–5–2, it would have done so clearly. Plaintiff then asks us to treat the term "laid out" in Section 67–5–2 as mere surplusage. This we cannot do. *Weiland v. Vigil,* 90 N.M. 148, 152, 560 P.2d 939, 943 (Ct.App.), *cert. denied,* 90 N.M. 255, 561 P.2d 1348 (1977). Where possible, we must give effect to every part of a statute. *Id.*

■ Although not specifically construing the term "laid out" as it applies to Section 67–5–2, the *Baxter* court found that Section 67–5–2 does not apply to all New Mexico public highways. In considering the application of Section 67–5–2 to a road established by prescription, the *Baxter* court explained that "[t]he statutory width does not apply because the highway was established by use, not by statutory authority." 107 N.M. at 319, 757 P.2d at 375. *Baxter* held that Section 67–5–2 did not apply to a road that was established by prescriptive use and found the use of the road established its width at eighteen feet rather than sixty feet. *Id.*

The road in *Baxter* was clearly a public highway; in fact, it was State Road 22. *Id.* at 318, 757 P.2d at 374; *see also* NMSA 1978, § 67–2–1 (definition of a public highway). This fact notwithstanding, the *Baxter* court found Section 67–5–2 inapplicable to that road. We believe that *Baxter* stands for the proposition that roads established by use are not laid out as required by Section 67–5–2. The applicability of Section 67–5–2 is dependent upon the laying out of a road by a governmental entity authorized to do so.

We need not determine what acts of a governmental entity are required to lay out a road. In the present case, public use, not governmental authority, has determined the course and width of the section line road from the time of its inception. Plaintiff does not point to action taken by any governmental agency that can be construed as having "laid out" the section line road within the meaning of Section 67–5–2. We therefore hold that Section 67–5–2 does not control the width of the section line road.

### III. *WHETHER THE SECTION LINE ROAD IS ACTUALLY TWENTY-FIVE FEET WIDE.*

■ Because we have decided that Section 67–5–2 does not control the width of the section line road, we must now decide whether the district court correctly found the road's width, if based on actual usage, was twenty-five feet. Defendants argue that there is insufficient evidence to support that finding. Plaintiff points out five pieces of evidence that it contends support the district court's finding.

Plaintiff first argues the fact that the district court judge himself viewed the road sufficiently supports the court's finding. Defendants agree that the judge viewed the road; however, they point out that the judge did not measure the road, and his perception of the road by itself is insufficient to sustain his finding. *Groff v. Circle K. Corp.,* 86 N.M. 531, 533, 525 P.2d 891, 893 (Ct.App.1974). We agree with Defendants and do not find the judge's perception of the road to be sufficient, by itself, to support the district court's finding.

Second, Plaintiff refers to Plaintiff's Exhibit 27, a recent survey of adjacent property, which labels the road as an "existing 30–foot access and utility easement." Defendants, in their reply brief, correctly explain that this exhibit is not a survey of the land which the section line road traverses and that there was no testimony regarding whether the surveyor actually measured the area outside the surveyed plat. Further, the exhibit also labels the road as an "existing access road" but does not give its dimensions absent the utility easement. This exhibit does not make clear the width of either the road or the utility easement. We therefore refuse to rely on Plaintiff's

Exhibit 27 to support the district court's finding.

Third, Plaintiff refers to Plaintiff's Exhibit 14, a 1957 plat of one of Defendants' property. This exhibit indicates two roads: one "Graded Road 20' wide" west of the section line, and another "15' deeded Roadway" east of the section line (the road in question). Looking at this evidence, at least part of the road may be twenty feet wide, but it does not support a finding that the road is twenty-five feet wide.

Fourth, Plaintiff points out Plaintiff's Exhibit 18, a 1965 plat. This exhibit also indicates two roads: (1) a "15' deeded roadway" west of the section line, and (2) a "20' bladed road" east of the section line (the road in question). This evidence is no more helpful than was Plaintiff's Exhibit 14.

Finally, Plaintiff points out Plaintiff's Exhibit 34, page 75, which is an abstract of title. Although Plaintiff concedes that the "30.0' easement" referred to is a different easement than the one at issue, he claims that both of these easements are the same width. The face of the exhibit, however, indicates that the two easements are not exactly the same width, i.e., the easement in question is slightly thinner than the labeled thirty-foot wide easement. *See Padilla v. City of Santa Fe*, 107 N.M. 107, 109–10, 753 P.2d 353, 355–56 (Ct.App.1988) (where documentary evidence is concerned, "an appellate court is in as good a position as the trial court to determine the facts and draw its own conclusions"). Although this evidence supports a finding that the road is less than thirty feet wide, we cannot say that it supports a finding that the road is twenty-five feet wide.

Defendants contend that the only competent evidence regarding the width of the road was George Rivera's testimony. According to Rivera, the area between a fence and the section line is twenty-five to twenty-seven feet wide, but the road itself is only twelve to fifteen feet wide. In view of the exhibits, however, the district court was not bound to accept Rivera's explanation. *Luchetti*, 108 N.M. at 684–85, 777 P.2d at 1328–29. We conclude that the actual width of the road was a disputed fact which the findings do not resolve, and that we cannot determine the width of the road on appeal. *See Padilla*, 107 N.M. at 109–10, 753 P.2d at 355–56. Therefore, we remand this question for a determination of the road's actual width.

## IV. CONCLUSION.

We affirm the district court's finding that the section line road existed prior to 1931, and thus was dedicated for public use. We also affirm the district court's finding that the federal offer of dedication was accepted by public use. We reverse the district court's determination that Section 67–5–2 applies to the section line road. We also reverse the district court's finding that the section line road is twenty-five feet wide and remand for a determination of its actual width. No costs are awarded. Although Defendants requested oral argument, it is the decision of the panel that oral argument is not necessary. *See* SCRA 1986, 12–214(A) (Repl.1992).

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.