[No. 3464.   Dec., 1930.]

[Rehearing Denied Jan. 31, 1931.]

HASE et al. v. SUMMERS et al.

[295 Pac. 293.]

T. W. Gibson, of Albuquerque, for appellants.

Ernest A. Polansky, of Albuquerque, for appellees.

OPINION OF THE COURT

CATRON, J.

This is a case seeking restraint of an alleged private nuisance, and for damages resulting therefrom. From an order and judgment requiring defendants to make certain alterations in their clothes-cleaning plant so as to remedy the nuisance, and denying injunctive relief and damages, plaintiffs appeal.

Appellants contend that their requested findings of fact are supported by uncontradicted testimony, and that the trial court erred in refusing them, and in making the findings it did.

In this appellants are in error. The record discloses that their requested findings are not supported by uncon-

tradicted testimony, and that the findings made by the trial court are supported by substantial evidence. Under such circumstances we will not disturb the findings of the trial court.

Appellants further contend that the court erred in not finding and holding appellees' plant a nuisance. In this appellants are also in error. The opinion, order, and decree of the court held the plant was a nuisance. But appellants further contend that, if the plant be a nuisance, then the court erred in ordering certain changes in the plant relative to its operation, and in refusing to enjoin the operation of said plant and the maintenance of the nuisance.

Appellants are in error in assuming that the only available relief in a court of equity against a nuisance is by injunction. The law is well settled that the relief to be awarded rests largely in the discretion of the court, and that the court may require the owners of the plant to use such appliances and methods as will remedy the nuisance. In 46 C. J. (Nuisances) §§ 367 and 416, we find the following well-supported text:

"Sec. 367. When an equitable ground exists, courts of equity have power to give relief against either public or private nuisances by compelling the abatement or restraining the continuance of an existing nuisance, or enjoining the commission or establishment of a contemplated nuisance."

"Sec. 416. The relief to be awarded rests largely in the discretion of the court, and so, in an action for abatement or injunction and damages, the abatement does not follow as of course upon the recovery of damages. The rights of defendant, as well as those of plaintiff, are entitled to consideration, and the court will not interfere with defendant's use and enjoyment of his property or compel the destruction thereof further than is necessary to give plaintiff the protection to which he is entitled. If a nuisance is not permanent it should not be permanently enoined. Where the business or use of property alleged to be a nuisance is lawful and can be carried on without causing the injuries complained of, defendant should not be restrained from carrying it on at all; but the injunction should go merely against carrying it on so as to prove injurious or offensive, leaving defendant the right to carry it on in a proper manner, and the court may require defendant to use such appliances and methods as will remedy the nuisance, which methods or appliances should be practicable."

In the present case the court, after determining the plant to be a nuisance, in the exercise of its discretion, required

certain changes and alterations therein, which, in the judgment of the court, would eliminate the obnoxious features of its operation.   In this the court was clearly within its legal right.

■ Appellants further contend that, if the court has held appellees' plant to be a nuisance, then the court erred in refusing to award them damages.

The damages sought were reduction of rental and market value of appellants' residence property resulting from the nuisance.   Appellants, however, lived in their property, therefore there could be no loss of rental.   It does not appear that appellants suffered any loss by sale of their property.   We find no error in the trial court's refusal to award damages.

■ Appellants finally contend that the court having found appellees' plant to be a nuisance, and having ordered the abatement thereof, as heretofore pointed out, it was error to tax costs against plaintiffs.   This contention is based upon the proposition that plaintiffs were the prevailing parties, having received relief against the nuisance, and were, therefore, entitled to their costs.

Conceding the soundness of appellants' contention, we, however, call attention to the fact that in the final decree it is provided:

"It is now Considered, Ordered, Adjudged and Decreed that the injunction prayed for in the complaint be, and it is, hereby denied and that plaintiffs take nothing by their action.

"And it is further Ordered that the defendants recover their costs to be taxed by the Clerk.

"To all of which the plaintiffs object and except."

Rule No. 12 of our Appellate Procedure provides:

"Sec. 1.   None but jurisdictional questions shall be first raised in the Supreme Court.   Formal exceptions shall not be required in any case; but to preserve the question for review, it must appear that a ruling or decision by the trial court was fairly invoked."

Appellants' objection and exception to the decree cannot be said to have fairly invoked the ruling of the trial court upon the question of costs.   We cannot find in the record where such ruling was invoked, nor where any

ruling was given upon the subject. We cannot now consider it.

Finding no error, the judgment of the trial court must be affirmed, and the cause remanded.

And it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and SIMMS, JJ., did not participate.