324 P.2d 783

Kuno F. KELLER and Kathryn M. Keller, Plaintiffs-Appellees,

v.

Joseph Thomas CAVANAUGH and Hester Ann Cavanaugh, Defendants-Appellants.

No. 6279.

Supreme Court of New Mexico.

April 23, 1958.

Dale B. Dilts, Albuquerque, for appellants.

McAtee, Toulouse & Marchiondo, Thomas J. Clear, Jr., Albuquerque, for appellees.

SHILLINGLAW, Justice.

On November 15, 1955, the parties to this appeal entered into a certain real estate contract whereby the appellees sold a house and lot located in Bernalillo County, New Mexico, to the appellants. Appellants fell into arrears as to payments under the contract and on November 20, 1956, suit was brought for possession of the property and damages.

As a result thereof, after trial of the issues in the case, judgment was entered against the appellants in the sum of $625, $375 being for payments under the real estate contract for the months of November and December, 1956 and January, 1957, and $250 for damages to the appellees.

In the same judgment the court suggested that the appellees give the appellants thirty days to vacate the premises unless payment of the judgment be made and, further, that a writ of possession should issue in the event the judgment was not paid within thirty days from the date of the hearing.

In their brief in chief the appellants state, " * * * the only issue in this appeal is the $250.00 damages awarded from the defendants to the plaintiffs." The appellees in their answer brief state, "We would be content with a statement of the issue as involving only the Two Hundred Fifty Dollars ($250.00) damage award, * * *." Argument touching upon other aspects of the case, therefore, will not be considered.

The appellants contend there is no evidence in the transcript to support the judg-

ment for damages with the exception of testimony that $122 was paid by appellees in costs and attorneys fees in the cause below, and a statement of the appellee to the effect that his attorneys fees to the time of the trial were $150.

■ A judgment for damages must be supported by substantial evidence. Hase v. Summers, 35 N.M. 274, 295 P. 293. Absent a statute or rule of court, attorneys fees may not be considered as an item recoverable in damages. State ex rel. Stanley v. Lujan, 43 N.M. 348, 93 P.2d 1002.

■ Aside from evidence on this point the record fails to show the basis for the judgment as to the award of $250. The appellees offer as grounds for the award that the trial court thought $250 would compensate the appellees by way of $25 per month for wrongful possession of the property by the appellants. This is speculation by the appellees and there is no evidence of such in the record.

Finding that there is no basis for the award, that portion of the judgment of the lower court awarding $250 to the appellees is reversed and the order of the lower court is so modified. The motion of the appellees to dismiss the appeal is without merit and is denied.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.