485 P.2d 352

TOWN OF CLAYTON, New Mexico,
Plaintiff-Appellee,

v.

S. D. MAYFIELD and Gracie L. Mayfield,
Defendants-Appellants.

No. 9155.

Supreme Court of New Mexico.

May 24, 1971.

John P. Isaacs, Clayton, E. Byron Single-ton, Amarillo, Tex., for appellants.

Krehbiel & Alsup, Clayton, for appellee.

## OPINION

COMPTON, Chief Justice.

From an order enjoining appellants from operating a junk yard upon premises located within the Town of Clayton, New Mexico, and directing appellants to abate the nuisance by removing the accumulated junk therefrom, the appellant, S. D. Mayfield, has appealed.

Appellant has raised several points of alleged error. The controlling issue, however, is whether the actions of the appellant constitute an abatable common law nuisance. The trial court specifically found that appellant's operation of the junk yard constituted a common law public nuisance as being contrary to the public health, safety and welfare.

Appellant asserts that the finding has no substantial support in the evidence. The junk yard was unfenced. There is evidence substantial in character that the junk yard constituted a fire and health hazard due to the accumulation of combustible materials in and around the cars; that the accumulation of water in and under the cars created a breeding ground for mosquitoes; that the accumulation of old cars were readily accessible, and attractive to young children, thus posing a safety hazard. Appellant himself testified that he intended to burn the old cars on the premises while processing them and that due to the nature of the combustible material in the cars, a great deal of smoke would be created. And there is evidence that the value of residential property in the area had decreased due to the presence of appellant's operation.

■ It is firmly established in this jurisdiction that nuisances that adversely affect the public health, welfare or safety may be enjoined. Mahone v. Autry, 55 N.M. 111, 227 P.2d 623, and cases cited therein.

■ Appellant asserts that appellee had an adequate remedy at law through the

enforcement of one of various town ordinances. It is noted that all the ordinances referred to by him contain penal provisions for violations. The fact that acts constituting a public nuisance are punishable criminally does not deprive equity of its power to enjoin a public nuisance where there is ample proof of irreparable injury to the public health, welfare or safety. State ex rel. Marron v. Compere, 44 N.M. 414, 103 P.2d 273. We think this is a proper case for injunctive relief.

A discussion of other points urged by appellant would serve no beneficial purpose. The judgment should be affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.