685 P.2d 964

**Atanacio PADILLA and Juanita Padilla and Johnny E. Padilla, Plaintiffs-Appellees, Cross-Appellants,**

v.

**Amy LAWRENCE and Sun Country Garden Products, a New Mexico Corporation, Defendants-Appellants, Cross-Appellees.**

**No. 7348.**

Court of Appeals of New Mexico.

June 7, 1984.

Certiorari Denied July 19, 1984.

James C. Ellis, Albuquerque, for plaintiffs-appellees, cross-appellants.

William F. Aldridge, Cohen & Aldridge, P.A., Albuquerque, for defendants-appellants, cross-appellees.

## OPINION

MINZNER, Judge.

Atanacio Padilla, Juanita Padilla, and their son, Johnny E. Padilla ("plaintiffs"), long-term residents of Bernalillo, New Mexico, filed a class action complaint against defendant Amy Lawrence and defendant Sun Country Garden Products, a corporation ("the plant"). Lawrence is the owner of the plant, also located in Bernalillo, which processes bark and manure for the purpose of packaging soil conditioner for sale. Plaintiffs requested an injunction against the plant and sought money damages based upon theories of trespass, public nuisance, private nuisance, negligence, and personal injury. Plaintiffs also sought punitive damages.

Prior to trial, the court dismissed the class action count and plaintiffs withdrew the personal injury count. The case was tried before the trial court, which dismissed the negligence and public nuisance claims at the close of plaintiffs' case. Following presentation of all the evidence, judgment was entered for plaintiffs on the private nuisance claim. The court refused to grant injunctive relief but awarded plaintiffs Atanacio and Juanita Padilla $10,000 each for inconvenience, discomfort, and annoyance.

The court also awarded Johnny E. Padilla the sum of $2,000 for discomfort and annoyance. Although the trial court found that the value of plaintiffs' residence has been diminished by the operation of the plant, it concluded that plaintiffs failed to prove the amount of the loss. The trial court also concluded that no trespass was established and declined to award punitive damages.

Defendants appeal from the damage award to plaintiff, claiming that plaintiffs failed to prove damages. Plaintiffs cross-appeal, raising five issues:

(1) Sufficient evidence was introduced to allow a damage award for diminution of property value;

(2) the trial court erred in refusing to find a trespass and in failing to award damages on that claim;

(3) the trial court abused its discretion by not awarding punitive damages;

(4) substantial evidence supported the public nuisance claim;

(5) the trial court abused its discretion in denying the claim for injunctive relief.

We affirm both as to the appeal and cross-appeal. Because the issues raised by defendants' appeal and the first and last issues raised by plaintiffs on cross-appeal all depend upon the law of private nuisance, we discuss these issues together.

## I. LIABILITY FOR PRIVATE NUISANCE

Plaintiffs Atanacio and Juanita Padilla own real property on which their residence is located, which is approximately 600 feet from the nearest boundary of the plant. They have resided in the house for over twenty-five years. The plant has been in operation for approximately five years. It is located in the industrial park of Bernalillo and covers over nine acres. Plaintiffs' house is among several residences near the plant. The record indicates that these residences are outside the industrial park.

The trial court heard testimony from the plaintiffs, from several of their neighbors, from plaintiffs' expert witness, and from a realtor as to the negative physical and aesthetic impact of the plant's operation on plaintiffs' enjoyment of their property. The witnesses testified that the plant's operation has resulted in plaintiffs' exposure to odors, dust, noise, and flies, which were not in evidence prior to construction and operation. The witnesses testified that an odor, variously described as that of a dead animal, of a pig pen, and of rotten fish, permeated the air, and that dust, noise, and flies were also a problem. The odor prohibited cooking in the summer, prevented use of evaporative cooling, and generally interfered with normal residential activities. Plaintiff Atanacio Padilla testified that the odor and dust caused him to have nosebleeds and fits of choking.

Mr. Padilla also testified that he and his wife finally moved from the residence in 1982 because of the problems associated with the plant's operation and that the nosebleeds and choking have stopped. Plaintiff Johnny E. Padilla testified that he began renting the residence at that time and that the problems continue. The realtor testified that the plant's operation caused problems that affected the property's value as a residence.

The trial court issued a finding of fact that the operation of the plant was unreasonable and a conclusion of law that the defendants created a nuisance in fact. Defendants object, contesting both the finding of liability for private nuisance and the damages awarded based on that finding. Plaintiffs object to the trial court's refusal, having found a private nuisance, to award damages for diminution in property value and to grant injunctive relief.

### A. The Requirement of Unreasonableness in the Context of a Private Nuisance

A private nuisance has been defined as a non-trespassory invasion of another's interest in the private use and enjoyment of land. *Scott v. Jordan*, 99 N.M. 567, 661 P.2d 59 (Ct.App.1983). It is a civil wrong based on a disturbance of rights in land. *Jellison v. Gleason*, 77 N.M. 445,

423 P.2d 876 (1967). The elements of proof depend on whether the conduct is intentional or unintentional. Liability for intentional conduct requires that the conduct be unreasonable. *See Restatement (Second) of Torts* [hereinafter cited as *Restatement*] § 822(a) (1979).

 We must sustain the trial court's findings and conclusions if they are supported by substantial evidence, and we must review the facts and evidence in the light most favorable to the prevailing party. *Scott v. Jordan.* Viewed in this light, the evidence would support a finding that the invasion was intentional because defendants knew or should have known that their conduct in operating the plant interfered with plaintiffs' use and enjoyment of their land. *See Restatement* § 825(b). Evidence also supports the finding that the operation of the plant was unreasonable.

 Defendants have argued that the trial court's finding of unreasonableness lacks substantial evidence, but they have analyzed "unreasonableness" as if the issue were negligence. Although defendants offered testimony that steps were taken to reduce the plant's negative impact on the area and that they had complied with City Council and Environmental Improvement Division requests and requirements, liability for nuisance, unlike liability for negligence, exists regardless of the degree of care exercised to avoid injury. *Wofford v. Rudick,* 63 N.M. 307, 318 P.2d 605 (1957). In the nuisance context, an intentional invasion is unreasonable if the gravity of the harm outweighs the utility of the actor's conduct, *see Scott v. Jordan; Restatement* § 826(a), or if the harm caused by the conduct is serious and the financial burden of compensating for the harm would not make continuing the conduct unfeasible, *Restatement* § 826(b). Section 826(b) of

the *Restatement* recognizes that damages may be appropriate even if the utility of the activity outweighs the harm it causes. *Carpenter v. Double R Cattle Co.,* 105 Idaho 320, 669 P.2d 643 (App.1983).

 The unreasonableness of intentional invasions is "a problem of relative values to be determined by the trier of fact in each case in the light of all the circumstances of that case." *Restatement* § 826 comment b. The *Restatement,* §§ 827 and 828, has suggested factors which are relevant in determining the gravity of harm [1] and the utility of conduct.[2] These factors are relevant under both Section 826(a) and Section 826(b). *See Carpenter v. Double R Cattle Co.*

 The trial court found that the operation of the plant deprived plaintiffs from enjoying the use of their property and caused plaintiffs Atanacio and Juanita Padilla to move away from their residence of twenty-five years. Further, there was evidence that the property would be difficult to sell for residential purposes and the court found that the value of the residence has been diminished. Plaintiffs Atanacio and Juanita Padilla established their home long before defendants began operating the plant, and priority of occupation is a circumstance of considerable weight in determining unreasonableness. *Schlotfelt v. Vinton Farmers' Supply Co.,* 252 Iowa 1102, 109 N.W.2d 695 (1961). Although there was evidence that the conduct was suitable to the character of the locality, and this is relevant to the question of social utility under Section 828, this evidence alone is not sufficient to require a finding of reasonableness. *Scott v. Jordan.* Further, compliance with city and agency requirements is not sufficient to require a

---

1. In determining the gravity of harm, the suggested factors include the extent and character of the harm involved, the social value that the law attaches to the type of use or enjoyment invaded, the suitability of the particular use or enjoyment to the character of the locality, and the burden on the person harmed of avoiding the harm. *Restatement* § 827.

2. In determining the utility of conduct, the suggested factors include the social value that the law attaches to the primary purpose of the conduct, the suitability of the conduct to the character of the locality, and the impracticability of preventing or avoiding the invasion. *Restatement* § 828.

finding of reasonableness. *Schlotfelt v. Vinton Farmers' Supply Co.*

There was substantial evidence to support the trial court's finding of unreasonableness. The finding of a private nuisance is affirmed.

### B. *Damages for Annoyance, Discomfort, and Inconvenience Caused by a Private Nuisance*

Defendants argue that plaintiffs failed to establish that damages resulted from the plant's operation. Defendants rely primarily on an argument that plaintiff Atanacio Padilla had a pre-existing health problem. This argument fails to comprehend both the nature of the trial court's damage award, which was based on annoyance, discomfort, and inconvenience, and the fact that damages were awarded to each of the plaintiffs.

■ A plaintiff in a private nuisance action may seek compensation for interference with personal comfort as well as for diminution in property value. *Wofford v. Rudick.* A complaining party need not demonstrate diminution in value as a prerequisite to recovery for annoyance and inconvenience. *Aguayo v. Village of Chama*, 79 N.M. 729, 449 P.2d 331 (1969). *Aguayo* characterized such damages as special damages and noted that no precise rule for ascertaining such special damages can be given. Although plaintiffs characterize the damages awarded as "nominal," it is clear that the damages awarded were special damages. The standard for the award of such damages was succinctly stated in *Aguayo:*

> It is for the trier of the facts to determine the amount of damages, in view of the discomfort or annoyance to which the plaintiffs have been subjected. As to ... special damages, there need not be testimony of any witness as to the amount in dollars and cents necessary to compensate plaintiffs. The amount, to be determined from the evidence concerning the annoyance and discomfort, is usually within the sound discretion of the trier of the facts.

79 N.M. at 731–32, 449 P.2d at 333–34 (1969) (citations omitted). The land occupant may recover special damages whether the nuisance is temporary or permanent. D. Dobbs, *Remedies* § 5.3 (3d ed. 1979).

There is no indication that the trial court abused its discretion in determining damages. The award for annoyance, discomfort, and inconvenience is affirmed.

### C. *Damages for Diminished Property Value*

Plaintiffs argue that the trial court's refusal to award such damages was error in light of its finding that the value of their property was diminished. We agree with the trial court that plaintiffs failed to introduce sufficient evidence to justify recovery for the diminution. There was no finding with respect to whether the nuisance was temporary or permanent. The evidence was insufficient to support damages for either type of nuisance.

■ Plaintiffs have the burden of proving damages. *Hase v. Summers*, 35 N.M. 274, 295 P. 293 (1930). While mathematical certainty as to the amount of damages need not be demonstrated, a plaintiff in a nuisance action is nevertheless required to meet a measure of proof sufficient to enable the trier of fact to fix the amount. *See Nichols v. Anderson*, 43 N.M. 296, 92 P.2d 781 (1939). Where insufficient evidence is introduced, the trial court is justified in refusing to award damages. *See Frey v. Queen City Paper Co.*, 79 Ohio App. 64, 66 N.E.2d 252 (1946).

■ Plaintiffs' realtor testified that plaintiffs' residence had a fair market value of $32,500 without taking the plant into consideration. No evidence was offered at trial, however, to show the fair market value prior to construction and operation of the plant or the current market value taking the plant into consideration. The realtor testified that it would be difficult to find a buyer for the property, but she also testified that the property had commercial value, although she was not asked to evaluate it. She stated that the rental value of

plaintiffs' house was $250 to $300 per month, but her testimony did not indicate whether this figure reflected consideration of the plant. She also testified that there was a demand for rental property in Bernalillo and that renters could be found despite the location. Plaintiff Atanacio Padilla's testimony that the property was worthless was contradicted both by the realtor's testimony and by the fact that plaintiff Johnny Padilla was renting the house for $200 per month and providing security while maintaining a business on the premises. The trial court did not err in refusing to award damages for diminution in property value.

### D. Denial of Injunctive Relief for a Continuing Nuisance

Plaintiffs also argue that the nuisance created by the plant's operation is a continuing nuisance and that the trial court erred in denying injunctive relief. A continuing nuisance is one which occurs so often that it can fairly be said to be continuing although it is not constant or unceasing. *Dumus v. Renfroe*, 220 Ga. 33, 136 S.E.2d 753 (1964). We have recognized that monetary damages are inadequate where the harm is continuing in its nature, *Scott v. Jordan*, and that, where damages would not provide adequate compensation for the injury, injunctive relief is proper. *Id.*

The fact that a nuisance is characterized as continuing does not require the trial court to grant injunctive relief. *Boomer v. Atlantic Cement Co.*, 26 N.Y.2d 219, 309 N.Y.S.2d 312, 257 N.E.2d 870 (1970). *See also Carpenter v. Double R Cattle Co.* Injunctions are harsh and drastic remedies which should issue only in extreme cases of pressing necessity and only where there is a showing of irreparable injury for which there is no adequate and complete remedy at law. *Scott v. Jordan*. The decision as to whether equitable relief should be granted is addressed to the sound discretion of the trial court and will not be reversed on appeal unless clear abuse of discretion has been shown. *Id.*

The trial court must weigh the equities between the parties in determining whether equitable relief should be granted. *Hines Corp. v. City of Albuquerque*, 95 N.M. 311, 621 P.2d 1116 (1980).

The trial court concluded that, having balanced the equities, plaintiffs were not entitled to injunctive relief. The evidence supports a conclusion that the injury to plaintiffs from the continued operation of the plant is outweighed by the harm which would result from a shutdown of plant operations. There was evidence that the plant employed from thirty to thirty-five people at the time of trial. The trial court found that the capital investment in the plant was two million dollars. Under the circumstances, we cannot find that the trial court abused its discretion in denying injunctive relief.

## II. LIABILITY FOR PUBLIC NUISANCE

A public nuisance is one which adversely affects public health, welfare, or safety. *Town of Clayton v. Mayfield*, 82 N.M. 596, 485 P.2d 352 (1971). A public nuisance affects the rights of citizens as part of the public and must affect a considerable number of people or an entire community or neighborhood. *Spur Industries, Inc. v. Del E. Webb Development Co.*, 108 Ariz. 178, 494 P.2d 700 (1972). Plaintiffs offered no evidence that the operation of the plant affected public health, welfare, or safety. The trial court's dismissal of the public nuisance claim is affirmed.

## III. FAILURE TO AWARD DAMAGES FOR TRESPASS

Plaintiffs contend that the trial court erred in not awarding additional damages for trespass because the trial court found that undesirable odors, blowing particulate matter, and loud noises from the plant had entered onto plaintiffs' property and adversely affected the property. Plaintiffs' argument, however, blurs the traditionally accepted distinction between nuisance and trespass.

A trespass is a direct infringement of another's right of possession. *Pacheco v. Martinez*, 97 N.M. 37, 636 P.2d 308 (Ct.App.1981). Where there is no physical invasion of property, as with intangible intrusions such as noise and odor, the cause of action is for nuisance rather than for trespass. *Wilson v. Interlake Steel Co.*, 32 Cal.3d 229, 185 Cal.Rptr. 280, 649 P.2d 922 (1982). The noises and odors from the plant were properly treated as nuisance, for which plaintiffs were compensated. The entrance onto the property of blowing particulate matter also is not actionable as trespass in the absence of a finding that the matter settled upon and damaged plaintiffs' property. *Borland v. Sanders Lead Co.*, 369 So.2d 523 (Ala. 1979). The trial court made no such finding, and its refusal is supported by substantial evidence in the record. Plaintiffs' expert was unable to measure any dust from the plant on plaintiffs' property and noted that the dust clouds were dispersed as they left the plant site. *Cf. Martin v. Reynolds Metals Co.*, 221 Or. 86, 342 P.2d 790 (1959) (the court upheld an award of $91,000 for loss of use and deterioration of land resulting from defendant's plant's discharge of 800 pounds of flourides daily, some of which was deposited on plaintiff's land).

The trial court concluded that plaintiffs failed to establish a trespass. We agree.

## IV. ABUSE OF DISCRETION—PUNITIVE DAMAGES

The imposition of punitive damages rests within the discretion of the trier of fact. *Newman v. Basin Motor Co.*, 98 N.M. 39, 644 P.2d 553 (Ct.App.1982). Punitive or exemplary damages may be awarded only when the conduct of the wrongdoer may be said to be maliciously intentional, fraudulent, oppressive, or committed recklessly or with wanton disregard of the plaintiff's rights. *Samedan Oil Corp. v. Neeld*, 91 N.M. 599, 577 P.2d 1245 (1978).

The trial court made no such finding with respect to defendants' conduct. The "conclusion of law" that plaintiffs are not entitled to punitive damages represents a mixed finding of fact and conclusion of law. The failure by the trial court to find a material fact must be regarded as a finding against the party having the burden of establishing such a fact. *Baker v. Shufflebarger & Associates, Inc.*, 77 N.M. 50, 419 P.2d 250 (1966). There is substantial evidence in the record to support the trial court's refusal to award punitive damages.

## V. CONCLUSION

We affirm the trial court's determination that the plant represented a private nuisance and the award of damages in the total amount of $22,000. We also affirm the trial court's denial of injunctive relief and damages for diminution of property value, the finding that no trespass occurred, the denial of punitive damages, and the dismissal of the public nuisance claim.

IT IS SO ORDERED.

DONNELLY, C.J., and HENDLEY, J., concur.