This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37939**

**STEVE PEACOCK,**

Plaintiff-Appellee,

v.

**CODY GUSS and GWEN EADY,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Doerr & Knudson, P.A.
Randy J. Knudson
Portales, NM

for Appellee

Christian C. Christensen, LLC
Christian C. Christensen
Portales, NM

for Appellants

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendants challenge a bench trial verdict awarding Plaintiff damages for public nuisance. This Court issued a notice of proposed disposition, proposing to affirm. Defendants filed a motion for rehearing, which we construed as a memorandum in opposition, and Plaintiff filed a memorandum in support, both of which we have duly considered. We affirm.

**{2}** Defendants contend that the district court erred in allowing a private party to receive a judgment against another in a public or private nuisance suit without citing law

or authority allowing such a claim, that it was error to award damages to Plaintiff when the definition of nuisance was never read into the record, and that the district court abused its discretion in awarding damages based only on Plaintiff's testimony. Our notice proposed to affirm on the basis that Plaintiff sufficiently alleged the existence of a nuisance on Defendants' property, and as it was a bench trial, we could assume that the district court applied the correct legal standard without law being read into evidence, and Plaintiff's testimony regarding damages, as well as other damages evidence, was sufficient and a matter of weight and credibility for the district court. [CN 2-4]

**Issues 1 and 3**

{3}     In the memorandum in opposition, Defendants contend that this Court's presumption that the district court judge correctly applies the law "shifts the burden from . . . Plaintiff to . . . Defendant," and that "Plaintiff has never demonstrated how he, a private citizen, is allowed to seize property under the nuisance act." [MIO PDF 5-8]

{4}     We first note that it is unclear whether Defendants challenged the propriety of such a private nuisance action below, as they do not explain where they did so in the docketing statement. *See* Rule 12-208(D)(4) NMRA (stating a docketing statement shall include "a statement of the issues presented by the appeal, including a statement of how they arose and how they were preserved in the trial court"); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

{5}     Regardless, the district court's decision in allowing the case to proceed was proper, given there is clear authority for a recovery of damages for a private nuisance action between private property owners. *See Padilla v. Lawrence*, 1984-NMCA-064, ¶ 9, 101 N.M. 556, 685 P.2d 964 ("A private nuisance has been defined as a non-trespassory invasion of another's interest in the private use and enjoyment of land."). "It is a civil wrong based on a disturbance of rights in land." *Id.*

{6}     To the extent Defendants dispute application of the well-established principle that "[w]e presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision[,]" *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156, Defendants have provided no authority disputing this well-established principle. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Defendants' assertion that this principle shifts the burden from Plaintiff to Defendants misapprehends the law and is unsupported by citation to case law regarding the consideration of substantial evidence by the district court. Moreover, as discussed above, the law permits an action for damages for a private nuisance. *See Padilla*, 1984-NMCA-064, ¶ 9.

**Issue 2**

**{7}** Defendants also continue to contend that Plaintiff's "self-serving" testimony about damages was not supported by anything else in the record, it should have therefore been disregarded by the district court, and there was "no evidence" to support the damages award. [MIO PDF 6, 9] "A plaintiff in a private nuisance action may seek compensation for interference with personal comfort as well as for diminution in property value." *Id.* ¶ 16. A plaintiff in a private nuisance action can seek compensation, characterized as special damages, for interference with personal comfort, annoyance, and inconvenience and "no precise rule for ascertaining such special damages can be given." *Id.* Rather:

> It is for the trier of the facts to determine the amount of damages, in view of the discomfort or annoyance to which the plaintiffs have been subjected. As to special damages, there need not be testimony of any witness as to the amount in dollars and cents necessary to compensate [the] plaintiffs. The amount, to be determined from the evidence concerning the annoyance and discomfort, is usually within the sound discretion of the trier of the facts.

*Id.* (omission, internal quotation marks, and citation omitted). *Padilla* indicates that no evidence of a monetary nature or value is necessary for special damages when damages for diminution in property value are not requested. *See id.* Instead, evidence of the inconvenience, annoyance, and discomfort is sufficient for the trier of fact on which to base an award of damages. *See id.*

**{8}** Thus, Plaintiff's testimony about discomfort, annoyance, or inconvenience was sufficient to support a basis for damages. Plaintiff and another witness testified as to conditions on Defendants' property that caused Plaintiff discomfort and inconvenience, and supporting exhibits were submitted. [CN 3-5; MIS 2] The fact-finder, in this case the judge, could determine within its discretion an amount of damages to be awarded based on such evidence. *See id.* Moreover, Defendants failed to object on hearsay grounds or otherwise challenge the damages testimony on cross-examination. [MIO PDF 6-8] *See Ennis v. Kmart Corp.*, 2001-NMCA-068, ¶ 24, 131 N.M. 32, 33 P.3d 32 ("Generally, a party may not claim error predicated upon the admission of evidence unless the record shows a timely and specific objection.").

**{9}** In addition, Defendants' argument that there was no time frame given for when the complaints were made, and therefore no evidence to show that the asserted damages resulted from the alleged conduct, goes to weight and credibility for the judge's consideration. *See Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82 ("It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies."). To the extent Defendants imply it is difficult to imagine how trash could cause the alleged flooding, that was also for the judge as fact-finder to weigh the credibility of the witness' testimony. [MIO PDF 7] *Id.*

**{10}** Ultimately, Defendants have not presented any facts, authority, or argument in the memorandum in opposition to persuade this Court that our proposed disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated above, and in this Court's notice of proposed disposition, we affirm.

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**