This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36554**

**CHER BAILEY and KEVIN BAILEY,
a married couple,**

　　　　Plaintiffs-Appellants,

v.

**ROBERT BRASIER and LINDA
BRASIER, a married couple; LEO J.
ANDAVAZO, a single man; BETTY
B. GARCIA, a single woman; JOHN
DOE, an unidentified man; and
SCHWAN'S HOME SERVICE, INC.,
a Minnesota corporation, registered
to do business in New Mexico,**

　　　　Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY
J.C. Robinson, District Judge**

The Simons Firm, LLP
Thomas A. Simons, IV
Frieda Simons Burnes
Santa Fe, NM

for Appellants

Lopez, Dietzel, Perkins & Wallace
William Perkins
Silver City, NM

for Appellees Robert Brasier and Linda Brasier

McCoy Leavitt Laskey LLC
Stephanie K. Demers
H. Brook Laskey

Albuquerque, NM

for Appellee Schwan's Home Service, Inc.

**MEMORANDUM OPINION**

**B. ZAMORA, Judge.**

**{1}** In this action for trespass, nuisance, defamation, malicious prosecution, and other tortious misconduct against numerous defendants (collectively, Defendants), Plaintiffs Cher and Kevin Bailey (the Baileys) appeal from a district court order granting summary judgment and dismissing all claims against Robert and Linda Brasier (the Brasiers) and, sua sponte, dismissing all claims against the remaining Defendants. The Baileys' claims arise from a disagreement over the use of a roadway (Boyett Drive)[1] by Defendants. While we affirm the district court's determination that an easement exists across the entirety of Boyett Drive, along with its dismissal of all claims against the Brasiers excepting the Baileys' trespass claims, we reverse the district court's dismissal of the Baileys' claims as to all other Defendants.

**BACKGROUND**

**I.     The Boyett Subdivision and Boyett Drive**

**{2}** This case primarily concerns the existence and scope of an easement, and we begin by setting forth facts relevant to those issues. In the 1960's, Elmer Boyett created the Boyett Subdivision located in Grant County, New Mexico. The approved 1964 plat designated enumerated lots bordering an existing roadway, Cottage San Road, but also contained an unenumerated tract of interior land located in the northeast portion of the Subdivision. The Baileys and the Brasiers would subsequently own property originating from and lying within this interior lot.

**{3}** The 1964 plat designated several dedicated roadways running from Cottage San Road, which borders the Subdivision on the southwest, through the northeastern edges of the enumerated lots. Over time, and at least by 1992, the road known as Boyett Drive came into use in the Subdivision. Boyett Drive forms an arc. It begins at Cottage San Road and follows the path of the dedicated roadway running between lots 1 and 5 marked as "roadway" (the Dedicated Roadway) on the 1964 plat. However, Boyett Drive continues north past the Dedicated Roadway, enters the interior tract shown on the 1964 plat, and ultimately rejoins Cottage San Road.

**II.     The Lawsuit**

**{4}** Prior to 2012, the Baileys and the Brasiers were neighbors and their respective properties abutted Boyett Drive. In 2012, the Brasiers moved and rented their home to

---

[1]The parties dispute the name of the roadway. We adopt the moniker "Boyett Drive" for the sake of consistency throughout this opinion.

Defendants Leo Andavazo and Betty Garcia. In 2013, the Baileys filed a complaint against the Brasiers, Andavazo, Garcia, John Doe (an unknown individual), and Schwan's Home Service Inc., seeking damages and injunctive and declaratory relief related to allegations of trespass, nuisance, defamation, malicious prosecution, and other tortious misconduct. The Baileys alleged, inter alia, Andavazo "repeatedly drove and parked a large commercial Schwan's food delivery truck on the Baileys' property, trespassing and causing extensive damage and disturbance." The Baileys requested the district court to declare the Baileys to be the rightful owners of Boyett Drive, issue an injunction against further use of Boyett Drive by Defendants, and require the Brasiers to pay maintenance and other costs related to any easement if the district court determined one existed.

{5}      In September 2014, the Brasiers filed a motion to dismiss pursuant to Rule 1-012(b)(6) NMRA, claiming the allegations in the complaint failed to establish that the Brasiers "committed any wrongful acts or tortious activities" and that "no legal authority exists in the State of New Mexico holding a landlord vicariously liable for the torts of a tenant." Without waiting for a response from the Baileys, the district court denied the motion to dismiss, finding that the complaint "set out justiciable issues" because it sought to clarify ownership of Boyett Drive "and the existence and nature of any easement, which might be owned by the Brasiers."

{6}      Nine months later, in June 2015, the Brasiers filed a motion for summary judgment asserting they owned an ingress-egress easement across the Baileys' property and asking the district court to dismiss all counts against them. The Baileys filed a response in opposition, and the district court decided the matter based upon the pleadings and evidence submitted by the parties, finding that "[n]o hearing is necessary as there are no facts requiring further development at this time." Based upon the evidence before it, the district court determined "[t]he Brasiers have an express easement for ingress-egress for the entirety of [Boyett Drive]" and "[t]here is no authority to support the Baileys position [that] the Brasiers can be compelled to pay for upkeep of an easement." Pursuant to these findings, the district court granted the Brasiers' motion for summary judgment and dismissed all claims against the Brasiers with prejudice.

{7}      In the same order, the district court also dismissed sua sponte, all of the Baileys' claims against the remaining Defendants with prejudice. With respect to the remaining Defendants, the district court noted the "Unlawful Conduct" section of the complaint describes acts by Defendants Andavazo, Garcia, Doe, and Schwan's, "such as creating loud disturbances and making false reports to the Sheriff's Department" but found " '[u]nlawful conduct' is not a claim." Ultimately, the district court determined the "[c]omplaint does not contain distinguishable, separate counts as to any of [D]efendants."

{8}      The Baileys filed a motion to reconsider and attached the protective covenants, the 1963 plat, and other evidence, which had not been submitted in response to the motion for summary judgment. The district court denied the motion to reconsider finding

"[t]he Baileys raise no new material facts to support the denial of summary judgment."
The Baileys appeal.

**DISCUSSION**

**{9}** We first determine whether we may consider the evidence attached to the motion to reconsider. We then examine the Brasiers' motion for summary judgment and conclude by addressing the district court's sua sponte dismissal of the remaining claims brought by the Baileys.

**I.    We May Consider the Evidence Attached to the Motion to Reconsider**

**{10}** We begin by addressing whether this Court will review the evidence attached to the motion to reconsider because this evidence is relevant to our subsequent determinations with respect to the motion for summary judgment. *See In re Keeney*, 1995-NMCA-102, ¶ 12, 121 N.M. 58, 908 P.2d 751 (holding that if a district court considers new material presented by way of a motion to reconsider a motion for summary judgment, the appellate court may review all of the materials de novo). On appeal, Schwan's and the Brasiers contend the district court refused to consider the additional evidence submitted by the Baileys for the first time through the Baileys' motion to reconsider. We disagree. In its order denying the motion to reconsider, the district court specifically states "[the district court] has reviewed the [m]otion to [r]econsider and the responsive pleadings" and determined "[t]he Baileys raise no new material facts to support the denial of summary judgment." Because the district court considered the additional evidence submitted through the motion to reconsider, we will review this evidence on appeal in determining whether summary judgment was properly granted. *Id.*

**II.    Genuine Issues of Material Fact Preclude Summary Judgment With Respect to the Baileys' Trespass Claim**

**{11}** Having clarified that we will consider all evidence, including that submitted through the Baileys' motion to reconsider, in deciding the issues presented on appeal, we turn to the district court's grant of summary judgment. The parties agree that Boyett created an express easement permitting access to the Brasiers' property by way of Boyett Drive when he sold portions of the interior lot to the Brasiers' and Baileys' predecessors in interest. At issue then is not whether an express easement exists, but the scope thereof—specifically (1) whether the easement extends only as far as the Dedicated Roadway running from the North entrance, or applies to the entirety of Boyett Drive, and (2) whether Defendants' alleged commercial trucking, parking, and storage operations overburden the easement. We explain below, the basis for our conclusion that the district court properly determined an express easement exists across the entirety of Boyett Drive. We also determine, however, that the Baileys raise genuine issues of material fact with respect to whether Defendants' commercial trucking, parking, and storage operations exceed the scope of the easement. Accordingly, we

reverse that aspect of the district court's ruling on summary judgment as it relates to the Baileys' trespassing claim, as well as its dismissal thereof.

**{12}** This Court reviews an order granting summary judgment de novo. *Beggs v. City of Portales*, 2009-NMSC-023, ¶ 10, 146 N.M. 372, 210 P.3d 798. "Under this standard of review, we step into the shoes of the district court, reviewing the motion, the supporting papers, and the non-movant's response as if we were ruling on the motion in the first instance." *Farmington Police Officers Ass'n Commc'n Workers of Am. v. City of Farmington*, 2006-NMCA-077, ¶ 13, 139 N.M. 750, 137 P.3d 1204. We "review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C) NMRA.

## A.    The Easement Language Is Ambiguous

**{13}** The scope of an express easement is dictated by the intent of the parties as evidenced by the language of the instrument creating the easement. *See Sanders v. Lutz*, 1989-NMSC-076, ¶ 8, 109 N.M. 193, 784 P.2d 12 ("An easement should be construed according to its express and specific terms as a manifestation of the intent of the parties."). If the written language of an easement is conclusive, "consideration of extrinsic evidence is generally inappropriate." *Dethlefsen v. Weddle*, 2012-NMCA-077, ¶ 12, 284 P.3d 452. However, if the easement language is ambiguous, "the parties' intention must be determined from the language of the instrument as well as from the surrounding circumstances." *Mayer v. Smith*, 2015-NMCA-060, ¶ 11, 350 P.3d 1191 (internal quotation marks and citation omitted); *see also Martinez v. Martinez*, 1979-NMSC-104, ¶¶ 9, 11, 16, 93 N.M. 673, 604 P.2d 366 (holding that a deed providing a "right of ingress-egress" created an express easement, but remanding for "a determination of the location of [the] appellant's easement" based on the parties' behavior, because the location was omitted from the granting language). The Baileys argue, and the Brasiers concede, that the language establishing the express easement is ambiguous because it does not set forth the easement's location. We agree that the deed language does not conclusively determine whether the easement is limited to the Dedicated Roadway or extends across the entirety of Boyett Drive.

## B.    The District Court Correctly Determined That There Was No Genuine  Issue of Material Fact in Dispute That the Easement Extends Across the Entirety of Boyett Drive

**{14}** Given the ambiguity of the deed's language, we turn now to the extrinsic evidence submitted by the parties. The Brasiers submitted evidence that in 1992, licensed surveyor William Miller prepared a plat and legal description of what eventually became the Brasiers' property (the 1992 Survey). The survey reflects that in 1992,

Boyett Drive formed an arc just as it does today. It extended past the Dedicated Roadway as depicted in the 1964 Plat and connected with Cottage San Road at both the North and South entrances. The Brasiers attached an affidavit from Miller in support of their motion for summary judgment in which Miller states, (1) the "existing ingress-egress roadway" mentioned in the deeds granting the express easement "refers to the entire portion of [Boyett Drive,]" (2) "Boyett Drive was in existence in 1992 and was in the same location in 1992 as it is today,"and (3) "Boyett intended the parties who received the land described in [the deeds] to be able to use all of . . . Boyett Drive for ingress-egress."[2] This evidence was sufficient to meet the Brasiers' initial burden of establishing a prima facie case that the easement extends across the entirety of Boyett Drive. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 (noting that a prima facie case is one supported by sufficient evidence "to raise a presumption of fact or establish the fact in question unless rebutted" (internal quotation marks and citation omitted)).

**{15}** The Baileys argue that the 1992 deed issued to the Brasiers' predecessors in interest granting access to "an existing roadway . . . for access to Cottage San Road" does not refer to the entirety of Boyett Drive, but refers only to the Dedicated Roadway between lots 1 and 5 extending only as far as the westernmost corner of the Brasiers' property as depicted in the 1964 plat. In support of this argument, the Baileys attached a 1963 plat, depicting a road traversing the interior lot of the subdivision, to their motion to reconsider. The Baileys claim that Grant County rejected the 1963 plat specifically because it proposed a road traversing the subdivision. However, the Baileys did not provide any evidence establishing that the 1963 plat was rejected, nor the reason for the alleged rejection, and we are mindful that a party may not simply argue that "evidentiary facts might exist[.]" *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (alteration, internal quotation marks, and citation omitted). "Rather, the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues" and the "evidence adduced must result in reasonable inferences." *Romero*, 2010-NMSC-035, ¶ 10 (alteration, internal quotation marks, and citation omitted). In this case, the mere existence of an alternative plat does not support a reasonable inference that government officials rejected a road traversing the subdivision.

**{16}** The Baileys also submitted a declaration from Kevin Bailey in which he claims the Brasiers attempted to sell their property but "[t]he sale was unsuccessful since [the Silver] City planning authorities advised . . . the Brasiers' property only has an easement for access at its western most corner over the [Dedicated] Roadway." The Brasiers assert both below and on appeal that this declaration lacks foundation and is based

---

[2]In their reply brief on appeal, the Baileys assert that Miller's affidavit is "inadmissible hearsay and completely without foundation[.]" However, this Court will not ordinarily consider an argument raised for the first time in a reply brief. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65. In addition, the Baileys fail to direct us to where this argument was preserved below, and for these reasons, we decline to consider it. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

upon hearsay. We agree, and conclude that this portion of the declaration fails to raise a genuine issue of material fact for purposes of summary judgment. *See Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶¶ 20-22, 356 P.3d 1102 (concluding that an affidavit that recited certain factual matters but failed to "identify or include copies of any of the documents, county records, or website pages" relied upon to establish those facts, was properly excluded at the summary judgment stage because it would have been inadmissible at trial), *abrogated on other grounds as recognized by PNC Mortg. v. Romero*, 2016-NMCA-064, 377 P.3d 461; *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 28, 148 N.M. 627, 241 P.3d 628 ("[W]hile a court must consider evidence even if the form of the evidence, such as a deposition, would be inadmissible at trial, it cannot consider evidence if the substance of the evidence is inadmissible at trial . . . . hearsay, for example, is not generally admissible at trial, so affidavits or depositions containing hearsay are not sufficient evidence of a fact." (internal quotation marks and citation omitted)).

{17}     The Baileys also assert an easement across the entirety of Boyett Drive cannot exist because it would violate Grant County subdivision laws. The Baileys cite to the 1997 version of the Grant County subdivision regulation Section 1.7.12 incorporating the Grant County road ordinance as appendix F. *See* Grant County, N.M., Regulations Governing the Subdivision of Land (Apr. 15, 1997). Section 1.7.12 and the Grant County road ordinance address requirements for dedication of roads to the County and their acceptance for maintenance by the County. The Baileys fail to refer us to any portion of the Grant County subdivision regulation or road ordinance that addresses the existence or scope of easements. "Where a party cites no authority to support an argument, we may assume no such authority exists." *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. Absent any showing that the road ordinance and Subdivision regulation govern the scope of the express easement, we conclude they are not material.[3] *See Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276 ("An issue of fact is 'material' if the existence (or non-existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." (internal quotation marks and citation omitted)).

{18}     Finally, the Baileys attack Miller's testimony, asserting that "he has no actual recollection of either [the] Boyett's intentions in 1992 or the 1992 status of any road or other improvements then existing in the Boyett Subdivision" because he "mistakenly suggested . . . that there was a carport on the Brasiers' home in 1992." The Baileys did not present any evidence to rebut Miller's testimony that a carport was present in 1992, a date long before the Baileys purchased their home in 2003. In addition, the 1992 Survey only shows a shaded box, and the key clearly states that a shaded shape depicts "concrete slab, drive, shed, and etc." Thus, it is very possible the shaded portion on the plat was in fact a carport in 1992. In any event, the Baileys' speculative assertion that Miller erred in recalling a minute detail of a survey does not support a reasonable inference that Miller's memory as to the Boyett's intention that an easement exists across the entirety of Boyett Drive is inaccurate. *See Romero*, 2010-NMSC-035, ¶ 10

---

3The Brasiers do not claim the disputed portion of Boyett Drive is a public, dedicated road. They maintain it is an easement for their and their invitees' use.

("When disputed facts do not support reasonable inferences, they cannot serve as a basis for denying summary judgment.").

{19}     The remainder of the evidence and argument submitted by the Baileys fail to establish any genuine issues of material fact with respect to whether the express easement covers the entirety of Boyett Drive. The Baileys attack minor inaccuracies that they claim exist in the various plats, deeds, and surveys submitted by the Brasiers. In some instances, the Baileys assert that newer or more accurate surveys, plats, or deeds exist, but they did not provide the district court with the allegedly newer or more accurate evidence. More importantly, the Baileys failed to explain below what bearing the inaccuracies have on the question of the scope of the easement below and did not revisit these alleged inaccuracies or develop arguments related thereto on appeal.

{20}     We conclude the Baileys failed to "demonstrate the existence of specific evidentiary facts which would require trial on the merits" as to whether the express easement extends across the entirety of Boyett Drive. The language of the 1992 deeds setting forth the easement, coupled with extrinsic evidence that Boyett intended for an easement to extend across the entirety of a then existing road as shown by the 1992 Survey, is simply unrebutted. While New Mexico courts view summary judgment with disfavor, *Romero*, 2010-NMSC-035, ¶ 8, a party may not simply argue that "evidentiary facts might exist[.]" *Horne*, 2013-NMSC-004, ¶ 15 (alteration, internal quotation marks, and citation omitted). "Rather, the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues" and the "evidence adduced must result in reasonable inferences." *Romero*, 2010-NMSC-035, ¶ 10 (alteration, internal quotation marks, and citation omitted).

C.     **The Baileys Raise Genuine Issues of Material Fact as to Whether Commercial Trucking, Parking, and Storage Operations Exceed the Scope of the Express Easement**

{21}     The district court determined an easement exists across the entirety of Boyett Drive, but it is unclear whether the district court considered whether the alleged commercial trucking, parking, and storage operations overburdened the ingress-egress purpose of the easement. Although the district court did not directly address this issue, we must, given its materiality to determining the propriety of the district court's dismissal of the Baileys' trespass claim.

{22}     "A trespass is a direct infringement of another's right of possession." *Padilla v. Lawrence*, 1984-NMCA-064, ¶ 26, 101 N.M. 556, 685 P.2d 964. In this case, whether trespass has occurred depends upon whether the alleged commercial trucking, parking, and storage operations exceed the use permitted by the express easement. *See Dethlefsen*, 2012-NMCA-077, ¶¶ 2-3, 9 (considering whether the defendants' commercial use of an express ingress-egress easement for limited residential and agricultural purposes constituted trespass); *cf.* UJI 13-1301 NMRA ("A person who is on the premises of another with the permission of the owner is a trespasser to the extent the person uses the premises in a manner different from that which the owner might

reasonably expect."). We are mindful that "the scope of an easement, or right-of-way, is narrow and is measured by the nature and purpose of the easement." *Walker v. United States*, 2007-NMSC-038, ¶ 49, 142 N.M. 45, 162 P.3d 882 (internal quotation marks and citation omitted); *see also* 28A C.J.S. Easements § 189 (2021) ("The extent of the right of an easement is a question of fact, as is whether a particular use constitutes an increase in the degree of use, or amounts to an expansion of the original easement."(footnotes omitted)).

{23}    We begin with the express language of the easement, which provides that the subservient estate is "[s]ubject to existing ingress-egress roadway" and affords the dominant estate a right to use of "an existing roadway and utility easement across the Boyett Subdivision for access to Cottage San Road." The phrase "ingress-egress" permits "access to the land in question plus the [c]rossing of another's land in order to obtain this access." *Martinez v. Martinez*, 1979-NMSC-104, ¶ 8, 93 N.M. 673, 604 P.2d 366. Whether Defendants may conduct commercial trucking, parking, and storage operations using this easement, however, is another matter. *See Mayer*, 2015-NMCA-060, ¶ 11 (holding that where easement language is ambiguous, "the parties' intention must be determined from the language of the instrument as well as from the surrounding circumstances" (internal quotation marks and citation omitted)); *see also Martinez*, 1979-NMSC-104, ¶¶ 9, 11, 16 (holding that a deed providing a "right of ingress-egress" created an express easement, but remanding for "a determination of the location of [the] appellant's easement" based on the parties' behavior, because the location was omitted from the granting language).

{24}    In *Dethlefsen*, this Court addressed a situation similar to the one presented by the instant case and affirmed the district court's determination that an express easement permitting ingress-egress across the plaintiffs' land existed. 2012-NMCA-077, ¶ 1. However, we concluded that the scope of the easement was ambiguous, *id.* ¶ 25, and that it was unclear from the easement language alone whether the plaintiffs could maintain a locked gate across the easement, and whether commercial activities including driving cattle and commercial hunting overburdened the easement. *Id.* ¶¶ 3, 35. We accordingly reversed the district court's determination that no trespass had occurred, *id.* ¶ 1, and remanded with instructions that the district court consider extrinsic evidence and surrounding circumstances to determine whether the locked gate exceeded the scope of the easement. *Id.* ¶ 36.

{25}    In this case, there exists extrinsic evidence relevant to the scope of activities permitted by the easement. The Baileys submitted extrinsic evidence that the historical use of Boyett Drive has been limited to non-commercial activities. In his declaration, Kevin Bailey states the entire length of Boyett Drive is "narrow gravel over dirt" "clearly intended only as private access routes to the Subdivision's single-family homes" and that "[a]side from the trespassing ten ton trucks driven . . . by the Brasiers' tenants, only passenger vehicles and occasionally lightweight parcel carriers" have used Boyett Drive.

**{26}** Viewing the record in the light most favorable to the parties opposing summary judgment, we conclude the Baileys raise genuine issues of material fact as to whether the alleged activities exceed the scope of the express easement. We accordingly reverse the district court's grant of summary judgment to the extent it resulted in dismissal of the Baileys' trespass claims.

### III. The District Court's Dismissal of the Baileys' Claims

**{27}** Following the grant of summary judgment, the district court dismissed all of the Baileys' claims against all Defendants with prejudice. The Baileys argue dismissal was improper because it was made with no notice to them, no opportunity to submit briefing, and no opportunity to be heard. In addition, the Baileys assert dismissal was improper because the Baileys' complaint sets forth adequate allegations with respect to each of their claims against each Defendant under New Mexico's notice pleading standards. We conclude that the district court did not err in dismissing all the claims against the Brasiers, except, as explained above, that for trespass. However, the district court erred in dismissing all of the Baileys' claims as to all other Defendants.

### A. The District Court Did Not Err in Dismissing Claims Other Than the Trespass Claim Against the Brasiers

**{28}** In their motion for summary judgment, the Brasiers renewed their motion to dismiss, incorporating the same arguments set forth in their initial motion to dismiss, namely that the Baileys' complaint should be dismissed pursuant to Rule 1-012(b)(6) because it does not "contain any facts that would allow them to prevail on their claim against the Brasiers" and that the complaint violates Rule 1-010(B) NMRA requiring "[e]ach claim founded upon a separate transaction or occurrence . . . [to] be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." In the order granting summary judgment and dismissal, the district court agreed, finding "[e]ven under minimal notice pleading standards, the Baileys have failed to set out claims against the Brasiers against which they can defend themselves."

**{29}** We need not address whether the Baileys complaint met the required pleadings standards with respect to the Brasiers. On appeal, the Baileys *only* argue their complaint adequately alleges a cause of action for trespass, and we have already reversed the district court's summary judgment dismissing that claim. Nowhere in their brief in chief do the Baileys contend that their remaining arguments regarding nuisance, defamation, and malicious prosecution claims apply to the Brasiers, and "[w]e have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Unlike the other Defendants, who neither moved for summary judgment or dismissal, the Brasiers specifically requested the district court to dismiss the claims against them by raising a renewed request for dismissal in their motion for summary judgment. The Baileys fail to argue on appeal that any claim other than a claim for trespass is adequately set forth against the Brasiers by the complaint, and we

accordingly affirm the district court's determination that the Baileys failed to set forth any cognizable claims against the Brasiers except for the trespass claim.[4]

## B.     The District Court Erred in Its Sua Sponte Dismissal of the Baileys' Remaining Claims Against the Other Defendants

**{30}**     After granting the Brasiers' renewed motion to dismiss raised through the motion for summary judgment, the district court also dismissed, sua sponte, the Baileys' claims against all other Defendants with prejudice. The district court noted that the "Unlawful Conduct" section of the complaint describes acts by Defendants Andavazo, Garcia, Doe, and Schwan's, but found that "'[u]nlawful conduct' is not a claim."[5] Ultimately, the district court determined the "[c]omplaint does not contain distinguishable, separate counts as to any of [D]efendants" and dismissed "the instant matter . . . with prejudice."

**{31}**     Whether the district court properly dismissed the Baileys' remaining claims is a question of law, which we review de novo. *See Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71. While a district court has the power to sua sponte dismiss "a complaint which is patently deficient[,]" our Supreme Court has emphasized that sua sponte dismissal "should be sparingly exercised[.]" *Birdo v. Rodriguez*, 1972-NMSC-062, ¶¶ 10-11, 84 N.M. 207, 501 P.2d 195.

**{32}**     We need not decide whether the Baileys' complaint adequately alleges the Baileys' claims. Here, the Baileys' claims that were unrelated to the scope of the easement were not affirmatively challenged in the district court by Defendants other than the Brasiers. That is to say, the only Defendants who moved for summary judgment in this case, and the only Defendants who requested dismissal of the claims against them were the Brasiers.[6] No argument was ever presented with respect to the Baileys' nuisance, defamation, malicious prosecution, and other tortious misconduct claims against the remaining Defendants, nor did any party ever move to dismiss those causes of action as to those Defendants. In addition, we are not aware of any case in which an appellate court has upheld sua sponte dismissal of claims without notice and

---

4On appeal, the Baileys do not contest the district court's finding that "[t]here is no authority to support the Baileys position [that] the Brasiers can be compelled to pay for upkeep of an easement." This ruling also stands.

5Specifically, the Baileys' complaint alleged that Andavazo and Garcia "kept nuisance barking dogs on their property, negligently permitted the dogs to harm persons and property, piled garbage on the property, engaged in loud domestic disturbances, [ran] noisy truck cooling systems all night" and that an unknown individual (John Doe) "moved into an illegal pool house apartment on the Brasiers' property causing more disturbance, trespassing, and causing damage to the Baileys' property." The Baileys further alleged Andavazo and Garcia contacted the Sheriff's Department and made a "false and defamatory claim that the Baileys were harassing them by building [a] fence."

6Schwan's argues in its answer brief that the district court properly dismissed Schwan's as a defendant because the trespass claim against Schwan's is premised on a theory of vicarious liability, which is itself contingent upon establishing trespass over the easement. Given our reversal of the grant of summary judgment with respect to the Baileys' trespass claim, we also reverse the district court's dismissal of the trespass claim against Schwan's. However, because Schwan's did not move to dismiss or for summary judgment as to any claims against it at any point, our reversal of the district court's dismissal of the Baileys' remaining claims against all Defendants also applies equally to Schwan's.

an opportunity to be heard. Dismissal is a drastic remedy, and our Supreme Court has held that it is often appropriate for a district court to take alternative action short of dismissal to address deficiencies in a complaint. *See Hambaugh v. Peoples*, 1965-NMSC-044, ¶ 16, 75 N.M. 144, 401 P.2d 777 (reversing dismissal and requiring the district court to allow the plaintiff to amend the complaint). Given that "[d]ismissal with prejudice is an extreme measure that should be used sparingly," *Lowery v. Atterbury*, 1992-NMSC-001, ¶ 11, 113 N.M. 71, 823 P.2d 313, and given that sua sponte dismissals are particularly disfavored, *see Birdo*, 1972-NMSC-062, ¶ 11, we reverse the district court's sua sponte dismissal of the Baileys' claims against Defendants other than the Brasiers.

**CONCLUSION**

**{33}** We affirm the district court's determination that an easement exists across the entirety of Boyett Drive and affirm the district court's dismissal of all claims against the Brasiers except for the trespass claim. We reverse the district court's dismissal of the Baileys' claims as to all other Defendants.

**{34}  IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**